THE LAFAYETTE INSURANCE COMPANY, PLAINTIFF IN ERROR, *v.* MAYNARD FRENCH, EDWARD K. STRONG, AND THOMAS B. FINE.

Where a corporation is sued, it is not enough, in order to give jurisdiction, to say that the corporation is a citizen of the State where the suit is brought. But an averment is sufficient, when admitted by a demurrer, that the corporation was created by the laws of the State, and had its principal place of business there.

Where a corporation, chartered by the State of Indiana, was allowed by a law of Ohio, to transact business in the latter State upon the condition that service of process upon the agent of the corporation should be considered as service upon the corporation itself, a judgment against the corporation, obtained by means of such process, ought to have been received in Indiana with the same faith and credit that it was entitled to in Ohio.

The State of Ohio had a right to impose such a condition; and when the company sent its agent into that State, it must be presumed to have assented to the rule.

If the judgment was recovered in Ohio against the company by an erroneous name, but the suit upon the judgment was brought in Indiana against the company using its chartered name correctly, accompanied with an averment that it was the same company, this mistake is no ground of error; it could only be taken advantage of by a plea in abatement, in the suit in which the first judgment was recovered.

THIS case was brought up, by a writ of error, from the circuit court of the United States for the district of Indiana.

In 1836, the legislature of Indiana chartered the Lafayette Insurance Company with the usual powers of a company to insure against losses by fire. Their principal office or place of business was at Lafayette, in Indiana, but they also had an office at Cincinnati, in the county of Hamilton and State of Ohio. At the latter place, the agent issued a policy to the defendants in error, to insure certain property against fire, which was afterwards consumed. An action was brought upon the policy in Ohio, the process being served upon the agent, and a judgment was entered against the company. Upon a record of this judgment, an action was brought in the circuit court of the United States, in Indiana, and judgment again entered against the company.

Upon the trial the plaintiffs offered in evidence a copy of the record of the case, as tried in Ohio, to the introduction of which the defendant objected for the following reasons, namely:—

1. Because said judgment record shows and evidences a judgment recovered against "The President, Directors, and Company of the Lafayette Insurance Company," and does not show or evidence the recovery of a judgment against this defendant.

2. Because said judgment record does not show or evidence the service of process upon this defendant as required by law, nor the appearance of this defendant by attorney, or otherwise in said action or suit in said commercial court, and that said judgment, as a judgment, is therefore a nullity.

3. Because the said judgment record docs not evidence the existence or rendition of a judgment *in personam* against said defendant.

But the court admitted the evidence. Some of the counts in the declaration being upon the policy as well as the record, the plaintiffs then introduced evidence to show the loss, value, &c. of the property insured. Judgment was rendered against the defendants for $2,817.11.

It was argued in this court by *Mr. Gillett*, for the plaintiff in error, and submitted upon a printed argument by *Mr. O. H. Smith*, for the defendants.

Pending the argument a copy of a law of Ohio was produced (Ohio General Laws, vol. 45, p. 17) entitled " An act to authorize suits upon contracts of insurance to be brought in the county in which the contract may be made," the third section of which provided for the service of process, as in this case.

Mr. Justice CURTIS delivered the opinion of the court.

This is a writ of error to the circuit court of the United States for the district of Indiana, in an action of debt on a judgment recovered in the commercial court of Cincinnati, in the State of Ohio. In the declaration, the plaintiffs are averred to be citizens of Ohio ; and they " complain of the Lafayette Insurance Company, a citizen of the State of Indiana." This averment is not sufficient to show jurisdiction. It does not appear from it that the Lafayette Insurance Company is a corporation ; or, if it be such, by the law of what State it was created. The averment, that the company is a citizen of the State of Indiana, can have no sensible meaning attached to it. This court does not hold, that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a State within the meaning of the constitution. And, therefore, if the defective averment in the declaration had not been otherwise supplied, the suit must have been dismissed. But the plaintiff's replication alleges that the defendants are a corporation, created under the laws of the State of Indiana, having its principal place of business in that State. These allegations are confessed by the demurrer ; and they bring the case within the decision of this court in Marshall v. The Baltimore and Ohio Railroad Company, 16 How. 314, and the previous decisions therein referred to.

Upon the merits, it was objected that the judgment declared on was rendered by the commercial court of Cincinnati, without jurisdiction over the person sued ; and the argument was, that as this corporation was created by a law of the State of Indiana, it could have no existence out of that State, and, consequently, could not be sued in Ohio.

The precise facts upon which this objection depends, are that this corporation was created by a law of the State of Indiana, and had its principal office for business within that State. It had also an agent authorized to contract for insurance, who resided in the State of Ohio. The contract on which the judgment in question was recovered was made in Ohio, and was to be there performed; because it was a contract with the citizens of Ohio to insure property within that State. A statute of Ohio makes special provision for suits against foreign corporations, founded on contracts of insurance there made by them with citizens of that State; and one of its provisions is, that service of process on such resident agent of the foreign corporation shall be " as effectual as though the same were served on the principal."

The question is, whether a judgment recovered in Ohio against the Indiana corporation, upon a contract made by that corporation in Ohio with citizens of that State to insure property there, after the law above mentioned was enacted—service of process having been made on such resident agent—is a judgment entitled to the same faith and credit in the State of Indiana as in the State of Ohio, under the constitution and laws of the United States.

No question has been made that this judgment would be held binding in the State of Ohio, and would there be satisfied out of any property of the defendants existing in that State.

The act of May 26, 1790, (1 Stats. at Large, 122,) gives to a judgment rendered in any State such faith and credit as it had in the courts of the State where it was recovered. But this provision, though general in its terms, does not extend to judgments rendered against persons not amenable to the jurisdiction rendering the judgments. D'Arcy *v.* Ketchum, 11 How. 165. And, consequently, notwithstanding the act of congress, whenever an action is brought in one State on a judgment recovered in another, it is not enough to show it to be valid in the State where it was rendered; it must also appear that the defendant was either personally within the jurisdiction of the State, or had legal notice of the suit, and was in some way subject to its laws, so as to be bound to appear and contest the suit, or suffer a judgment by default. In more general terms, the doctrine of this court, as well as of the courts of many of the States, is, that this act of congress was not designed to displace that principle of natural justice which requires a person to have notice of a suit before he can be conclusively bound by its result; nor those rules of public law which protect persons and property within one State from the exercise of jurisdiction over them by another.

This corporation, existing only by virtue of a law of Indiana, cannot be deemed to pass personally beyond the limits of that State. Bank of Augusta *v.* Earle, 13 Pet. 519. But it does not necessarily follow that a valid judgment could be recovered against it only in that State. A corporation may sue in a foreign state, by its attorney there; and if it fails in the suit, be subject to a judgment for costs. And so if a corporation, though in Indiana, should appoint an attorney to appear, in an action brought in Ohio, and the attorney should appear, the court would have jurisdiction to render a judgment, in all respects as obligatory as if the defendant were within the State. The inquiry is not whether the defendant was personally within the State, but whether he, or some one authorized to act for him in reference to the suit, had notice and appeared; or, if he did not appear, whether he was bound to appear or suffer a judgment by default.

And the true question in this case is, whether this corporation had such notice of the suit, and was so far subject to the jurisdiction and laws of Ohio, that it was bound to appear, or take the consequences of non-appearance.

A corporation created by Indiana can transact business in Ohio only with the consent, express or implied, of the latter State, 13 Pet. 519. This consent may be accompanied by such conditions as Ohio may think fit to impose; and these conditions must be deemed valid and effectual by other States, and by this court, provided they are not repugnant to the constitution or laws of the United States, or inconsistent with those rules of public law which secure the jurisdiction and authority of each State from encroachment by all others, or that principle of natural justice which forbids condemnation without opportunity for defence.

In this instance, one of the conditions imposed by Ohio was, in effect, that the agent who should reside in Ohio and enter into contracts of insurance there in behalf of the foreign corporation, should also be deemed its agent to receive service of process in suits founded on such contracts. We find nothing in this provision either unreasonable in itself, or in conflict with any principle of public law. It cannot be deemed unreasonable that the State of Ohio should endeavor to secure to its citizens a remedy, in their domestic forum, upon this important class of contracts made and to be performed within that State, and fully subject to its laws; nor that proper means should be used to compel foreign corporations, transacting this business of insurance within the State, for their benefit and profit, to answer therefor the breach of their contracts of insurance there made and to be performed.

Nor do we think the means adopted to effect this object are open to the objection, that it is an attempt improperly to extend the jurisdiction of the State beyond its own limits to a person in another State. Process can be served on a corporation only by making service thereof on some one or more of its agents. The law may, and ordinarily does, designate the agent or officer, on whom process is to be served. For the purpose of receiving such service, and being bound by it, the corporation is identified with such agent or officer. The corporate power to receive and act on such service, so far as to make it known to the corporation, is thus vested in such officer or agent. Now, when this corporation sent its agent into Ohio, with authority to make contracts of insurance there, the corporation must be taken to assent to the condition upon which alone such business could be there transacted by them; that condition being, that an agent, to make contracts, should also be the agent of the corporation to receive service of process in suits on such contracts; and, in legal contemplation, the appointment of such an agent clothed him with power to receive notice, for and on behalf of the corporation, as effectually as if he were designated in the charter as the officer on whom process was to be served; or, as if he had received from the president and directors a power of attorney to that effect. The process was served within the limits and jurisdiction of Ohio, upon a person qualified by law to represent the corporation there in respect to such service; and notice to him was notice to the corporation which he there represented, and for whom he was empowered to take notice.

We consider this foreign corporation, entering into contracts made and to be performed in Ohio, was under an obligation to attend, by its duly authorized attorney, on the courts of that State, in suits founded on such contracts, whereof notice should be given by due process of law, served on the agent of the corporation resident in Ohio, and qualified by the law of Ohio and the presumed assent of the corporation to receive and act on such notice; that this obligation is well founded in policy and morals, and not inconsistent with any principle of public law; and that when so sued on such contracts in Ohio, the corporation was personally amenable to that jurisdiction; and we hold such a judgment, recovered after such notice, to be as valid as if the corporation had had its *habitat* within the State; that is, entitled to the same faith and credit in Indiana as in Ohio, under the constitution and laws of the United States.

We limit our decision to the case of a corporation acting in a State foreign to its creation, under a law of that State which recognized its existence, for the purposes of making contracts there and being sued on them, through notice to its contracting

agents.   The case of natural persons, and of other foreign cor-
porations, is attended with other considerations, which might or
might not distinguish it; upon this we give no opinion. `

This decision renders it unnecessary to consider the questions
arising under the counts on the policy.

It was objected that the judgment recovered in the commer-
cial court was against " the president, directors, and company of
the Lafayette Insurance Company," while this action is against
the " Lafayette Insurance Company ;" but the declaration de-
scribes the judgment correctly, and then avers that the judgment
was recovered against the defendants by that other name.   We
must assume that this fact was proved; and the only question
open here is, whether, if a mistake be made in the name of a
defendant, and he fails to plead it in abatement, the judgment
binds him, though called by a wrong name.   Of this, we have
no doubt.   Evidence that it was an erroneous name of the same
person must, therefore, be admissible; otherwise, a mistake in
the defendant's name, instead of being available only by a plea
in abatement, would render a judgment wholly inoperative.

In the case of the Medway Cotton Manufactory v. Adams,
10 Mass. 360, the plaintiffs, a corporation, declared on a promis-
sory note made to Richardson, Metcalf, and Co., and averred
that the maker promised the corporation by that name. .The
defendant demurred to the declaration, and assigned, in argument,
the same cause which has been relied on at the bar in this case
—that it was not competent to prove by parol evidence that the
promisee of the note was the corporation, the name not being
the same.   The court held otherwise, and overruled the demur-
rer.

A similar decision was made in an action of debt on bond
by the supreme court of New York, in the case of New York
African Society v. Varick et al. 13 Johns. 38.   See, also, Inhab-
itants, &c. v. String, 5 Halst. 323 ; and the authorities cited in
the cases in New York and Massachusetts.

The decision of the circuit court is affirmed.

Mr. Justice CAMPBELL dissented.