Mr. Justice MacArthur
stated the case, and delivered the opinion of the court:
This case is brought here by an appeal from a decree made at an equity term sustaining a plea to the jurisdiction. In the bill of complaint it is alleged that the name of the Leavenworth, Pawnee and Western Railroad Company was changed by a law of the State of Kansas, (where it was chartered by an act of the legislature,) to that of the Union Pacific Railroad Company, Eastern Division, and by that name it is made a defendant to this action; but it is claimed to be the same corporation in its rights and liabilities as it was previously to such change in its name. The bill further shows that by act of Congress approved July 1, 1862, and the subsequent act amending the same, the Union Pacific Railroad Company was incorporated, and was authorized to construct its line of road through the Territories of the United States, and to receive land-grants and Government bonds to aid in the construction thereof. The allegations respecting the defendant are, that by the same acts of Congress it was authorized to construct its line of road through, the adjacent Territories, and was to receive the same kind of Government aid in its construction, and upon the same terms and conditions in all respects as were annexed to the grants to the Union Pacific Railroad; and the first section of the act declares that this latter coippany “ shall be able to sue and be sued, plead and be impleaded, in all courts of law and equity within the United States.” These are all the facts necessary to be stated as respects the bill in order to raise the question of jurisdiction, unless it be the additional fact that the defendant has accepted the bounties of the act and has constructed a portion of the road therein contemplated.
The defendant pleaded to the jurisdiction of the court, stating that it was not an inhabitant of this District, but was an inhabitant of the State of Kansas, and that it was not found within this District when the subpoena issued in *238 the canse; that it was not doing business.in this District and has never had any place of business therein, or any agent or person conducting its business within the said District. To this plea a demurrer has been interposed, or at least the plea is to be considered as demurred to. Upon this issue the question arises whether the defendant, which is a corporation chartered by and existing under the laws of the State of Kansas, is capable of being sued here, although it has no place of business and no agent within the District of Columbia. It is now settled beyond all controversy by repeated decisions of the Supreme Court of the United States that a corporation can have no legal existence out of the boundaries of the sovereignty by which it was created, and this doctrine has been maintained so long that all reasoning on the general principle is unnecessary. Bank of Augusta vs. Earle, 13 Peters; Marshall vs. Baltimore and Ohio Railroad Company, 16 How., 328, 18 How., 404; Ohio and Mississippi Railroad Company vs. Wheeler, 1 Black., S. C. R., 297. These and similar decisions not only establish the general doctrine just stated, but show that a corporation can only be sued in a different State from that in which it was created by express legislation, authorizing such suits against foreign corporations having agents within the State conducting the general business for which it was organized. This has been done in several of the States, but where there is no such exercise of the franchise and no business agent, a corporation for the purpose of adversary litigation, is to be considered an inhabitant of the State under whose laws it exists, and is not capable of being sued elsewhere. According to this principle it is manifest that this court has no jurisdiction of the defendant, which is strictly a State institution existing under the laws of Kansas, and the plea to the jurisdiction must be sustained unless the suit is authorized by some provision of the statute.
This power, it is said, is given in the act of Congress already referred to incorporating the Union Pacific Railroad Company. That act, as we have seen, provides that this last-named company can sue and be sued in all courts of law and equity within the United States, and it is argued that as the defendant has accepted the aid of the same statute it can *239 also be sued in any court of law or equity within the United States, as it has accepted such aid upon the saute terms and conditions as were imposed upon the Union Pacific Railroad Company in the law. But we are of opinion that the defendant cannot be subjected to this construction. It is certainly true that the defendant accepted the grants upon the conditions specified in the statute, but we are quite clear that the remedies of suing and being sued were not in any sense affected by these terms. The conditions referred to in the act are expressly such as relate to “the construction of the railroad.” The same privileges are extended to other railroad corporations created by the State laws of California and Missouri, and each of the companies are required to file their acceptance of the conditions of the act in the Department of the Interior within six months after its passage. Now, these conditions “ for the construction of the railroad ” are quite distinct from the general grant of franchises by which this defendant was clothed by the legislature of Kansas. There are franchises of a general character inseparable from every corporation, and which are recognized by all the laws of Congress and of the different States. To have a corporate name, to have perpetual succession, to sue and be sued, to hold property, to have a common seal and make bylaws, are the general and necessary attributes of these bodies. Angel and Ames on Cor., 83. We find all these incidents in the congressional charter of the Union Pacific Railroad Company, and they are no doubt embraced in the defendant’s charter from the State of Kansas. In addition to these general powers, Congress has given the right of way to these companies over the public lands, and has also offered them other subsidies upon certain conditions as to the mode of constructing the roads; as, for instance, it prescribes the time within which the work is to be done, the manner of securing payment to the United States for the amount of the bonds delivered, and that such bonds shall only be delivered and such grants of lands made upon the report of commissioners that a certain number of miles have been completed and equipped, and that the companies shall transport mails, troops, and munitions of war, supplies, and public stores, whenever required to do so by any department of the Gov- *240 ,eminent. Such, are some of the conditions which Congress has annexed to its favors, and upon their performance the companies are entitled to the benefits contemplated by the act. It is evident that the conditions, so far at least as respects the defendant, are subjoined to the subsidies and do not affect the general franchise of the corporation; and its capacity to sue and be sued, and to have perpetual succession, together with the other powers inseparable from it as a corporation, are neither modified nor enlarged by the conditional terms of the Government bounties. It is therefore quite clear that the conditions referred to do not affect the right of the defendant to be sued; and as it is a State corporation, on well-established principles it is only suable within the territorial limits of the State in which it exists. And inasmuch as it has no place of business and no business agent conducting its affairs in this District, it is not capable of being found within the jurisdiction of this court.
Other considerations of the gravest consequence were presented on the argument; but as we find, upon a proper construction of the statute, that the court cannot entertain the suit as to the defendant interposing this plea, we deem it not only unnecessary, but more decorous to reserve an adjudication on points so generally important in a case in which we have no jurisdiction.
The decree appealed from is affirmed.