## OSBORNE & WOODBURY v. SHAWMUT INSURANCE COMPANY.

*Foreign Corporation. Jurisdiction. Sts.* 1874, *No.* 1, *s.* 8.

In assumpsit by residents of New Hampshire on a policy of insurance against fire, issued in this State for the benefit of plaintiffs, on property in this State, by an insurance company that was incorporated and organized under the laws of Massachusetts, and that had complied with the requirements of No. 1, Sts. 1874, the writ was served on one of the insurance commissioners, in accordance with section 8 of that statute. *Held*, that the court thereby acquired jurisdiction of defendant, and that it made no difference that plaintiffs resided out of the State.

ASSUMPSIT on a policy of insurance. The plaintiffs were described in the writ as residents of New Hampshire, and the defendant was described as a corporation organized under the laws of Massachusetts. The declaration alleged, in effect, that on April 18, 1877, at Lyndon, the defendant, at the instance of the Groton Lumber Company, issued its policy of insurance upon a certain saw-mill and the machinery therein, in Groton, and thereby insured the same against fire in the sum of $1,666.67, to be paid, in the event of loss, to the plaintiffs, who owned the land where the mill stood, and were interested with said company in the property so insured; and that afterwards, during the life of the policy, said property was wholly destroyed by fire.

The cause was entered at the June Term, 1878, Caledonia County, and on the eighth day of the term the defendant, its attorneys having appeared generally, but in fact only for the purpose of making the motion that was then made, moved to dismiss for want of jurisdiction, for that it appeared by the writ that the plaintiffs were residents of New Hampshire, and that the defendant was a corporation organized under the laws of Massachusetts, and for that it appeared by the officer's return that no attachment was made of the defendant's property in Vermont. But the court, Ross, J., presiding, overruled the motion both because it was out of time, and because the writ and declaration disclosed a cause of action within the jurisdiction of the court. Exceptions by the defendant.

*W. W. Carruth* and *F. A. Dearborn*, for the defendant.

The motion was proper. 4 Vt. 119. And seasonably made. *Simonds* v. *Parker*, 1 Met. 508, and cases cited. *Hall* v. *Williams*, 6 Pick. 232 ; *Woodward* v. *Tremere*, 6 Pick. 354 ; *Ewer* v. *Coffin*, 1 Cush. 28.

The court had no jurisdiction. The contract was personal and executory. May Ins. 5, 6. The cause of action accrued in New Hampshire. *Sawyer* v. *N. A. Life Ins. Co.* 46 Vt. 697. The action was transitory and not local. 1 Chit. Pl. 270, 273 ; Broom Leg. Max. 414, n b ; *Bliss* v. *Houghton*, 13 N. H. 126. Therefore jurisdiction depends on the residence of the parties. At common law a corporation cannot be sued out of the state under whose laws it is incorporated. *McQueen* v. *Middletown Manuf. Co.* 16 Johns. 5. For that reason many states have passed laws requiring foreign insurance companies to designate some person upon whom process may be served. But in all those states, when the question has been raised, the courts have held that such service added nothing to the facts necessary to give jurisdiction, but merely facilitated service where jurisdiction attached without service. Gen. Sts. Mass. c. 58, s. 68 ; *Morton* v. *Mut. Life Ins. Co.* 105 Mass. 141 ; *Smith* v. *Mut. Life Ins. Co.* 14 Allen, 336 ; Rev. Sts. Me. c. 49, s. 39 ; *Hobbs* v. *Ins. Co.* 56 Me. 417 ; *Camden Rolling Mill Co.* v. *Swede Iron Co.* 3 Vroom, 15 ; Gen.

Sts. Vt. c. 87, s. 5 *et seq.*; *Sawyer* v. *N. A. Life Ins. Co. supra*; No. 1, Sts. 1874, expressly limits and restricts service to causes of action accruing to residents of Vermont. The pretended service should receive no consideration in determining the question of jurisdiction.

*Belden & Ide*, for the plaintiffs.

This is not one of those cases that the court will dismiss at any stage for want of jurisdiction—cases where the court has no jurisdiction over the subject-matter. Here the question is one of process. The objection might, therefore, be waived by appearance. *Dow* v. *School District*, 46 Vt. 108, and cases *passim*. Here the appearance was general. It was a voluntary submission to the jnrisdiction of the court. REDFIELD, J., in *Stanton* v. *Haverhill Bridge*, 47 Vt. 172, 177,

But the service was proper and the cause of action within the jurisdiction of the court. No. 1, Sts. 1874; *Thwing* v. *Great Western Ins. Co.* 111 Mass. 93, 109; *Sawyer* v. *N. A. Life Ins. Co.* 46 Vt. 697, 704; *Smith* v. *Mut. Life Ins. Co.* 14 Allen, 336; *Camden Rolling Mill Co.* v. *Swede Iron Co.* 3 Vroom, 15; *Lafayette Ins. Co.* v. *French*, 18 How. 404.

The opinion of the court was delivered by

DUNTON, J. This is an action of assumpsit upon a certain insurance policy executed by the defendant, and insuring against loss by fire certain property in Groton, in the County of Caledonia. It appears from the writ and declaration that said policy was procured by the Groton Lumber Company of this State for the benefit of the plaintiffs, who are both residents of New Hampshire, and that the defendant is a corporation chartered and organized under the laws of the Commonwealth of Massachusetts.

The defendant filed a motion to dismiss in the County Court, and claimed therein that by reason of the aforesaid facts appearing from the writ, and it also appearing from the officer's return that no attachment of the defendant's property was made in the State of Vermont, the court had no jurisdiction of the action, and the same should therefore be dismissed. The court denied the motion, and to such denial the defendant excepted.

Sec. 8 of No. 1, Sts. 1874, provides that "no insurance company not organized under the laws of this State shall do business in this State, until it has filed with the Secretary of this State a written stipulation agreeing that any legal process affecting the company, served on either of the insurance commissioners, shall have the same effect as if served personally on the company in this State. So long as any liabilities of the stipulating company to any resident of this State continue, such stipulation cannot be revoked or modified. Service of process according to the stipulation aforesaid shall be sufficient service on the company."

We assume that such stipulation as is required by this act was duly filed with the Secretary of this State, and that the writ was served upon one of the insurance commissioners according to the provisions of said act, no copy of the return being furnished us.

The contract in question was made in this State, and is one of which our courts have jurisdiction, so that the real question in the case is whether the defendant corporation, by the notice it received of the suit, was so far subject to the jurisdiction and laws of this State that it was bound to appear, or take the consequences of a judgment by default by reason of non-appearance.

By the common law personal actions may be brought in any place or state where the party defendant can be found. But if neither the person nor property of a citizen of another state can be found in this State whereon to serve process, the courts of this State can acquire no jurisdiction over him by notice; and any judgment against him without voluntary appearance is wholly void. See *Price* v. *Hickok*, 39 Vt. 292. The defendant corporation is treated in legal proceedings, so far as its residence is concerned, as a citizen of Massachusetts, so that unless service of the writ upon one of the insurance commissioners of this State is to have the same force and effect as service of process against a citizen of Massachusetts made upon him in this State, then by such service the County Court acquired no jurisdiction of the defendant. But as is said by WELLS, J., in *Smith* v. *Insurance Co.* 14 Allen, 339: "A corporation being a mere creature of local statutes, can of right have no existence nor recognition beyond the limits of the state wherein it is established. By comity such arti-

ficial persons are permitted to contract and sue in other states. If they avail themselves of that comity . . . they may become liable to its jurisdiction to the extent to which they have thus voluntarily subjected themselves."

A foreign corporation can transact business in this State only by its consent, express or implied ; and the Legislature has the right to say upon what terms or conditions such consent shall be given. The condition imposed upon foreign insurance companies by the Legislature is, that they shall comply with section 8 of No. 1 of the Acts of 1874—that which requires them to agree that they may be sued in this State, which is equivalent to an agreement that they may be *found* here for the service of process ; and such agreement, when entered into by them, is valid and binding. See *Lafayette Insurance Co.* v. *French*, 18 How. 407 ; *R. R.* v. *Harris*, 12 Wal. 81 ; ex parte *Schollenburger*, 6 Otto, 369. The law upon this subject is stated by the Supreme Court of the United States through Mr. Chief Justice WAITE in ex parte *Schollenburger*, *supra*, thus : " If the Legislature of a state requires a foreign corporation to consent to be found within its territory for the purpose of the service of process in a suit as a condition to doing business in the state, and the corporation does so consent, the fact that it is found gives the jurisdiction, notwithstanding the finding was procured by consent. The essential fact is the finding, beyond which the court will not ordinarily look." Therefore the defendant, having consented to be sued or found here, by entering into the contract in question, subjected itself to the jurisdiction of the courts of this State, so far, at least, as said contract is concerned, it having been made in this State concerning property within the same.

This case is clearly distinguishable from *Sawyer* v. *Insurance Co.* 46 Vt. 697, *Smith* v. *Insurance Co.* 14 Allen, 337, and *Mill Co.* v. *Swede Iron Co.* 3 Vroom, 15. In each of these three cases, the contract in suit was made in a state other than the one in which the action was brought. In *Sawyer* v. *Insurance Co.* and *Smith* v. *Insurance Co.* the plaintiffs were also non-residents ; but in *Mill Co.* v. *Swede Iron Co.* this was not the case, the plaintiffs being residents of New Jersey, where suit was brought, and

the defendant a Pennsylvania corporation. The statute of New-Jersey provided that process against a foreign corporation might be served on any officer, director, agent, or engineer of such corporation. BEASLEY, C. J., who delivers the opinion of the court, says : " Upon general principles and in the absence of statutory innovations, it is to be regarded as settled in this State, at least, that if a foreign corporation, at the time of commencement of suit, does not do business and has not any office or place of business in this State, the contract sued on, not having been entered into in this State, such corporation, except by its own consent, cannot be brought within the jurisdiction of this or any court of this State." And the court held that it had no jurisdiction of the case, and rendered judgment for the defendants on their plea to the jurisdiction, the same having been demurred to by the plaintiff. The case turned upon the fact that the contract in suit was made in a foreign state and the defendant did not do business in the State of New Jersey when suit was brought, and is therefore an authority in favor of sustaining the jurisdiction of the court in the suit at bar.

Although *Sawyer* v. *Insurance Co.*, *supra*, occurred under chap. 87 of the General Statutes, so far as the question of jurisdiction is concerned, it does not vary in principle from like cases occurring under the act of 1874. The statute, as it then stood, required every foreign insurance company doing business in this State to appoint an attorney, "with power and authority to accept service of all lawful processes against such company in this State, and to cause an appearance to be entered in any action in like manner as if such corporation had existed and been duly served with process within this State," and also provided that " service of process upon such attorney shall be deemed to be sufficient service upon his principals." WHEELER, J., who delivered the opinion of the court in that case—*Sawyer* v. *Insurance Co.*—uses the following language : " This agent, for the reasons stated, is considered not to have been required by statute nor appointed by the corporation for the purposes of such service of process in favor of a party not a resident of this State, on a cause of action which did not accrue here and which the court has no jurisdiction over ;

but only for the service of process upon non-resident corporations, to enforce causes of action that the court already had jurisdiction of, which was unavailing for want of jurisdiction of the defendant." As before stated, the plaintiff was a non-resident of this State, and the contract sought to be enforced was also made in a foreign state ; and the language used by the learned judge who delivered the opinion of the court was applicable to that case. The contract sought to be enforced by the suit at bar, as above stated, was made in this State, and how this fact would affect the question of jurisdiction was not decided in *Sawyer* v. *Insurance Co.*, although it may be inferred from the opinion of the court, that the place of the contract is an important element in determining the matter of jurisdiction in this class of cases, as will readily be seen from the above quotation therefrom. Also see *National Condensed Milk Co.* v. *Brandenburgh*, 11 Vroom. *Boni judicis est ampliare jurisdictionem*, and we are not disposed to go any further in limiting the jurisdiction in cases against foreign insurance companies than the court has already gone in *Sawyer* v. *Insurance Co., supra.*

This view of the case renders it unnecessary for us to consider the other questions raised and discussed by the counsel in their briefs.                    *Judgment affirmed, and cause remanded.*