# BALTIMORE CITY COURT

Filed March 29, 1893.

MATTHEW UNITUS AND WIFE

VS.

NORTH GERMAN LLOYD STEAMSHIP COMPANY.

MATTHEW UNITUS

VS.

NORTH GERMAN LLOYD STEAMSHIP COMPANY.

*Wm. Colton* for the plaintiffs.

*Thomas W. Hall* for the defendant.

HARLAN, J.—

A foreign corporation engaged solely in foreign commerce is not liable to suit in the Maryland Courts by process served on an agent, not an officer or director, in the service of such corporation, under the Code of Pub. Gen. Laws, Art. 23, Secs. 295, 297, and Act of 1892, Ch. 601.

I am of opinion that the motion to set aside the sheriff's return to the writ of summons in these cases should prevail. It appears from the affidavit filed in support of the motion that the defendant is a foreign corporation, having its office and domicile in the free city of Bremen, in the German Empire, and having no office or officers in the State of Maryland, and transacting no business therein except such as is incident to the transportation of passengers and freight by means of its steamers between the port of Baltimore and foreign ports. It has an established agency in the city of Baltimore for the purpose of entering into the usual contracts relating to such commerce, the issuing of bills of lading, the sales of tickets for passengers, and the doing of those acts which are essential to the entry and departure of its steamers from port. It is represented for these purposes by the firm of A. Schumacher & Co., shipping merchants in the city of Baltimore, and the summons was served upon *George A. Von Lingen*, a member of the firm.

This service is attempted to be supported under the provisions of our statute law with reference to the liabilities of foreign corporations to be sued in our Courts and the manner of serving process to enforce such liability.

Code, Article 23, Sections 295-299 and Act 1892, Chapter 601.

Conceding, but without deciding, that *Von Lingen* is such an agent as, within the meaning of these statutes, would make the service of process upon him binding upon the company, it becomes important to consider whether the State has power to subject a corporation, such as the defendant, to liability to suit in its Courts by service upon an agent, not an officer or director of the company. The doctrine is firmly established that a corporation has no legal existence beyond the territory of the sovereignty creating it. Its domicile is the State of its origin; it cannot migrate to another sovereignty; and when it sends its agents into another State to transact business for it, the corporation no more enters that other sovereignty than does a natural person enter another State by sending an agent there to open an office or transact business.

Bank of Augusta vs. Earle, 13 Pet. 586; Lafayette Insurance Co. vs. French, 18 How. 404, 407; Paul vs. Virginia. 2 Wall. 168; St. Louis vs. Ferry Co., 11 Wall. 423, 429; Ex parte Schollenberger, 96 U. S. 369, 377; Shaw vs. Quincy Mining Co., 145 U. S. 444, 449, &c.; Commonwealth vs. Standard Oil Co., 101 Pa. 119-146; Smith vs. Silver Valley Mining Co., 64 Md. 85, 91, 92; Balto. & Ohio R. R. Co. vs. Glenn, 28 Md. 287.

It results from this doctrine that the mere fact of carrying on its business or some part thereof in a sovereignty other than that of its creation will not alone enable it to be found there for purposes of suit.

As was said by Judge Jackson, now Associate Justice of the Supreme Court, in the case of United States vs. American Bell Telephone Co., 29 Fed. Rep. 34, "In every decision of the Supreme Court asserting or maintaining the jurisdicton of the Federal or State Courts over corporatons created or located outside of the territorial limits of the State or district in which the suit was· brought against them, commencing with Lafayette Ins. Co. vs. French, 18 How. 404, which made the first exception to the rule of the common law that a corporation could not migrate, had no legal existence, and could not be found for the purpose of suit beyond the limits of the sovereignty creating it, there has existed a local statute expressly or impliedly providing for or authorizing such suit as a condition of the corporations doing business therein, together with the further fact that the foreign corporation actually carried on its business or some substantial part thereof in such State by and through the instrumentality of agents appointed by itself."

Now in Maryland we have the statutes above referred to. But the theory upon which such enactments have been supported is that no State is bound to give the protection of its laws to foreign corporations or to allow them to transact business within its territory. It may exclude them entirely and by virtue of its power to exclude it may impose conditions not in conflict with the· laws and Constitution of the United States on the transaction of business in its territory by corporations chartered elsewhere. These conditions may be express or implied. And when a State provides by statute that foreign corporations, transacting business therein shall be liable to suit in the State Courts, and provides, further, for the service of process upon the agents by whom such business is transacted, it becomes an implied condition to the transaction of business by the corporation that the corporation will be bound by such service.

Lafayette Ins. Co. vs. French, 18 How. 404; Railroad Co. vs. Harris, 12 Wall. 65; Ex parte Schollenberger, 96 U. S. 369; Railroad Co. vs. Koontz, 104 U. S. 5; St. Clair vs. Cox, 106 U. S. 350; Wilson vs. Seligman, 144 U. S. 41, 45.

An examination of these. decisions will disclose that the right of the State to require the corporation which is not itself within the State's jurisdiction or territory, to submit to suit by service of process upon its agents as a condition of transacting business within the State by means of such agents, rests upon the power of the State to exclude the corporation entirely, and deny to it the right to' transact business within the State. It would seem, therefore, that if for any reason the State has not this power of exclusion, it has not power to require the corporation to submit itself to service of process as a condition of entry.

That there are corporations which the States cannot exclude from their limits is now established by the Supreme Court of the United States. In the late case of Horn Silver Mining Co. vs. New York, 143 U. S. 305, 314, Mr. Justice Field speaking for all the Court (except Mr. Justice Harlan) says: "As to a foreign corporation—and all corporations in States other than the State of its creation are deemed to be foreign corporations—it can claim a right to do business in another State, to any extent, only subject to the conditions imposed by its laws. As said in Paul vs. Virginia, 8 Wall 168, 181, 'the recognition of its existence even by other States, and the enforcement of its contracts made therein, depend purely upon the comity of those States—a comity which is never extended where the existence of the corporation or the exercise of its powers is prejudicial to their interests or repugnant to their policy. Having no absolute right of recognition in other States, but depending for such recognition and the enforcement of its contracts upon their assent it follows as a matter of course, that such assent may be granted upon such terms' and conditions as those States may think proper to impose. They may exclude foreign corporations entirely, they may restrict its business to particular localities, or they may exact such security for the performance of its con-

tracts with their citizens as in their judgment will best promote the public interest. The whole matter rests in their discretion. This doctrine has been so frequently declared by this Court that it must be deemed no longer a matter of discussion, if any question can ever be considered at rest; only two exceptions or qualifications have been attached to it in all the numerous adjudications in which the subject has been considered, since the judgment of this Court was announced more than half a century ago in Bank of Augusta vs. Earle, 13 Pet. 519. One of these qualifications is that the State can not exclude from its limits a corporation engaged in inter-State or foreign commerce established by the decision in Pensacola Tel. Co. vs. Western Union Tel. Co., 96 U. S. 1, 12. The other limitation on the power of the State is where the corporation is in the employ of the general government." In Pembina Mining Co. vs. Pennsylvania, 125 U. S. 181, it was decided that the exaction of a license fee by the State of Pennsylvania to enable a corporation organized under the laws of another State to have an office within its limits for the use of the officers, stockholders, agents or employees of the corporation did not impinge upon the commercial clause of the Federal Constitution (Art. 1, Sec. VIII, Clause 3), such corporation not being engaged in foreign or inter-state commerce, or employed by the government of the United States. The opinion of the Court concludes as follows: "The only limitation upon this power of the State to exclude a foreign corporation from doing business within its limits, or hiring offices for that purpose, or to exact conditions for allowing the corporation to do business or hire offices there, arises where the corporation is in the employ of the Federal Government, or where its business is strictly commerce, interstate or foreign. The control of such commerce being in the Federal Government is not to be restricted by State authority." 125 U. S. 190.

Reference may also be made to Western Union Telegraph Co. vs. Massachusetts, 125 U. S. 530; Pensacola Telegraph Co. vs. Western Union Telegraph Co., 96 U. S. 1; Philadelphia Fire Association vs. New York, 119 U.

S. 110, 117-120; Cooper Manufacturing Co. vs. Ferguson, 113 U. S. 727, 736.

Issuing a policy of insurance is not a transaction of commerce and therefore an insurance company of one State can only do business in another State subject to such conditions as to service of process or other restrictions not repugnant to the Constitution and Laws of the United States, as the latter State may impose.

Paul vs. Virginia, 8 Wall 168; Ducat vs. Chicago, 10 Wall 410, 415; Insurance Co. vs. Morse, 20 Wall 445; Doyle vs. Continental Ins. Co., 94 U. S. 537; Philadelphia Fire Asso. vs. New York, 119 U. S. 110.

But that the defendant in this case, whose sole business in Maryland is connected with the transportation of freight and persons between Baltimore and Bremen, and the doing of acts necessary to its completion, is a corporation engaged in foreign commerce is not a subject of disputation.

Gloucester Ferry Co. vs. Pennsylvania, 114 U. S. 196; Philadelphia Steamship Co. vs. Pennsylvania, 122 U. S. 326.

As such, the State of Maryland cannot say to it, you shall not transact your business within this State, or you shall only transact such business *on condition* that you consent to be subject to liability in the State's Courts by service of process in a designated way. The Maryland statutes hereinbefore referred to can therefore have no application to this corporation. Having a right to transact its business in the State without the State's permission, it cannot be deemed to have assented to be bound by process served upon its agents as the implied condition of doing such business.

It has been suggested that, although the State has no power to exclude a corporation engaged in interstate or foreign commerce, it has by virtue of its police power, and its sovereign duty to provide for the security of the lives, limbs, health and comfort of persons and property within its limits, the right to require such corporations to submit to suit by service of process upon its agents, at least in the absence of any legislation by Congress. Without doubt the States may, in the exercise of this power, legislate as regards persons and things within their juris-

diction, although the statute operates indirectly upon foreign or inter-state commerce, unless Congress has laid down some rule with which the measure adopted would clash.

Smith vs. Alabama, 124 U. S. 465, is a late case illustrating this doctrine, and as applied to transportation by vessels the language of Mr. Justice Field in Gloucester Ferry Co. vs. Pennsylvania, 114 U. S. 214, may be quoted: "Independently of such measures (sanitary regulations) the State may prescribe regulations for the government of vessels whilst in its harbors; it may provide for their anchorage or mooring, so as to prevent confusion and collision; it may designate the wharves at which they shall discharge and receive their passengers and cargoes and require their removal from the wharves when not thus engaged, so as to make room for others. It may appoint officers to see that the regulations are carried out and impose penalties for refusing to obey the directions of such officers; and it may impose a tax upon vessels sufficient to meet the expenses attendant upon the execution of the regulations. * * * Should such regulations interfere with the exercise of the commercial power of Congress they may at any time be superseded by its action. It was not intended, however, by the grant to Congress to supersede or interfere with the power of the States to establish police regulations for the better protection and enjoyment of property."

The police power of the State, however, operates only upon persons and things within its territorial jurisdiction, and it is manifest, if we are to adhere to the settled principle that when agents of foreign corporations enter the State, the corporation itself does not thereby enter the State, that the State cannot by virtue of any such power require the corporation to submit to suit by service on its agents. If the Maryland statute could be supported on this ground the same power would make it possible to require as a police regulation the partners of a nonresident firm, whose agents were within the State doing business for the firm, to submit to suit by service upon such agents.

I am satisfied that the only true ground upon which the liability of a corporation to suit in a State or sovereignty other than that of its creation, can be placed is that which is sanctioned by the cases before cited, viz: That having power to exclude, the State can as a condition of admission, require the corporation to consent to be bound by service upon a designated person or persons. Where the power to exclude does not exist, as in this case, the condition which is dependent upon it must also cease.

For these reasons the motion will be *granted.*