## CHAPMAN v. ALABAMA G. S. R. CO.

(Circuit Court, N. D. Georgia. January 20, 1894.)

REMOVAL—CITIZENSHIP OF CORPORATION.

Act Ga. 1853, which authorized a railroad company incorporated in Alabama to extend its road into Georgia, and made it subject to suit in Georgia by citizens of that state, did not deprive the company of the right to remove such a suit to a United States court.

At Law. Action by Phoebe L. Chapman against the Alabama Great Southern Railroad Company, brought in the superior court of Dade county, Ga., and removed therefrom by defendant. Heard on motion to remand. Denied.

C. D. McCutcheon, for plaintiff.

Dorsey, Brewster & Howell, for defendant.

NEWMAN, District Judge. This is a motion to remand. Suit was brought by Phoebe L. Chapman against the Alabama Great Southern Railroad Company, in the superior court of Dade county, in this state and district, to recover damages for personal injuries alleged to have been received on a railroad operated by said company in Dade county, in this state. The petition for removal filed by the defendant alleges, and the same is not controverted, that the plaintiff is a citizen of this state and district, and that the defendant corporation is a citizen of the state of Alabama. The removal was on the ground of diverse citizenship. The motion to remand is based on the ground that the defendant corporation, while conceded to be a corporation and citizen of Alabama, is also a corporation and citizen of the state of Georgia. The Alabama Great Southern Railroad Company is operating, so far as material here, a railroad which was originally known as the Wills Valley Railroad. The legislature of Georgia in 1853 passed an act, the title of which is as follows:

"An act to authorize the Wills Valley Railroad Company, incorporated by the legislature of the state of Alabama, and any railroad company incorporated by the legislature of the state of Alabama, that may be associated with the Wills Valley Railroad Company, to construct a railroad, through the county of Dade, to some point on the Nashville & Chattanooga Railroad, in said county of Dade and state of Georgia, and for other purposes therein specified."

The act then proceeds to give to the Wills Valley Railroad Company, chartered by the legislature of the state of Alabama, the right of extending and constructing its railroad through the county of Dade, and gives it all the privileges, rights, and immunities which had been granted to the Wills Valley Railroad Company, and subjects it to the same restrictions imposed by the general assembly of the state of Alabama. Right is given to acquire land, and then the act provides that it shall be subject to suit by citizens of this state in the counties through which the road passes, without having to go to the state of Alabama to sue. The act then requires it to keep up bridges and ways of passage across the railroad, makes it liable for killing stock, for injuring persons or property, and for

survival of right of recovery, and for certain rules of evidence in actions to enforce such liability.

The claim is that the effect of this act is to make the Wills Valley Railroad Company a Georgia corporation, and that the Alabama Great Southern, by acquiring the right to operate it, and engaging in its operation, stands upon the same footing as the Wills Valley Railroad Company stood in this respect. Special importance is attached to the act of 1853, referred to, which provides "that should any other railroad company, chartered by the legislature of Alabama, become associated with the Wills Valley Railroad Company, all the benefits and restrictions of this act shall be extended to said association."

In the case of Goodlett v. Railroad Co., 122 U. S. 391, 7 Sup. Ct. 1254, the supreme court have set at rest any question that might have existed before as to whether the act of the legislature of Georgia of 1853 created a new and distinct corporation in the state of Georgia. In the case named the question was as to the effect of certain acts of the legislature of Tennessee in reference to the Louisville & Nashville Railroad Company, which had been previously chartered by the state of Kentucky. The contention of the plaintiff was that the effect of this legislation had been to constitute a corporation of the state of Tennessee, which was denied by the defendant. The decision of the supreme court was that the Louisville & Nashville Railroad Company was a corporation of Kentucky, and not of Tennessee. The terms of the act of the legislature of Tennessee in reference to the Louisville & Nashville Company in favor of the contention made by the plaintiff here were much stronger than the language of the act of the legislature of Georgia in reference to the Wills Valley Railroad Company. Consequently, the decision of the supreme court in the case named is controlling authority on the motion submitted here.

Counsel for plaintiff in this case urges the provision in act of the legislature of Georgia in reference to the Wills Valley Railroad Company, authorizing suits by citizens of this state against that company, and providing for service, as an argument against the right to remove the case to this court. This position, carried to its last results, would defeat the right of removal entirely. Suits against foreign corporations are continually removed into the circuit court, and, of course, when such suits have been properly instituted, and when service has been properly perfected, under laws of the state authorizing the same. Their status as citizens of the state where they are created is in no way affected by the fact that suit and service against them is authorized in another state. Nothing more can be made out of the provision as to suit and service in the act in question.

In Railroad Co. v. Koontz, 104 U. S. 5, in an opinion by Chief Justice Waite, this language is used:

"It is well settled that a corporation of one state doing business in another is suable where its business is done, if the laws make provision to that effect. We have so held many times. Insurance Co. v. French, 18 How. 404; Railroad Co. v. Harris, supra, [12 Wall. 65;] Ex parte Schollenberger,

96 U. S. 369. This company concedes that it was properly sued in Virginia, What it asks is that, being sued there, it may avail itself of the privilege it has under an act of congress, as a corporation of Maryland, and remove into the proper court of the United States exercising jurisdiction within Virginia a suit which has been instituted against it by a citizen of the latter state. The litigation is not to be taken out of Virginia, but only from one court to another within that state."

So here. The right to bring suit in this state is not questioned. The only claim is that the defendant being a citizen of Alabama, and the plaintiff a citizen of this state, it has the right to remove its case into the circuit court of the United States, and have it there tried. The right to remove clearly exists, and should not be confounded in any way with the right to bring the suit originally in the state court.

The motion to remand is denied.