[No. 2095.]

The Burlington and Missouri River Railroad Company in Nebraska v. Burch.

1. Railroads—Fires—Evidence.

In an action against a railroad company for damage caused by fire, evidence that immediately after the passage of defendant's train over its track through plaintiff's farm the fire started at its track, and that prior to the passage of the train no fire was there, was sufficient to warrant a submission to the jury of the question whether the fire was chargeable to the passing train and to sustain a verdict that it was.

2. Corporations—Railroads—Names—Misnomer.

Where a railroad company for convenience designated a portion of its line by a different name than that of the company, and the name so used is not the legal name of any corporation, and an action was brought against it under the designated name and summons was served upon the company and it appeared and defended the action without making any objection to the misnomer, a judgment in the case is as effective against the company as if it had been correctly named if the plaintiff move properly.

3. Evidence—Damages.

In an action against a railroad company for damages for burning hay it was not erroneous to permit a witness to be asked and to answer a question as to whether or not there were small trees growing on the ground where the hay was cut and in the inclosure where it was stacked where the plaintiff claimed nothing on account of the trees.

4. Evidence—Rejection—Harmless Error.

Error committed in rejecting evidence was harmless where the same evidence was admitted by the testimony of other witnesses and was uncontradicted.

5. Instructions—Corporations—Corporate Existence—Estoppel.

In an action against a railroad company an instruction to the effect that if defendant appeared and defended the suit, and ap-

pealed from the judgment of the justice of the peace to the county court, it was. estopped to deny its corporate existence, states a correct principle of law and although it was unnecessary, if the defendant was not prejudiced thereby, it was not reversible error.

*Appeal from the County Court of Boulder County.*

Messrs. Wolcott & Vaile and Mr. William W. Field, for appellant.

Mr. H. M. Minor, for appellee.

Thomson, J.

The appellee brought suit before a justice of the peace against the appellant to recover damages for injury to property occasioned by fire charged to have been set out by the defendant. Judgment went against the latter and it appealed to the county court where judgment was again given against it, and from this it appeals to this court.

It was proven that the fire from which the plaintiff suffered occurred immediately after the passage of a freight train over the track of a railroad running through his farm; that the fire started at the track, and that, prior to the passage of the train, no fire was there. The evidence was sufficient to warrant a submission to the jury of the question whether the fire was chargeable to the passing train, and to sustain a finding that it was.—*U. P. Ry. Co. v. DeBusk,* 12 Colo. 294; *Lumber Co. v. R. R. Co., ante,* page 275, 68 Pac. 670.

When the plaintiff rested the defendant asked an instruction directing the jury to return a verdict for the defendant. As appears from the argument, the ground of the motion was that no proof had been made showing that the railroad was operated by the defendant. The request was denied. Witnesses were then examined for the defendant by whom it

was proved that the owner and operator of the road was the Chicago, Burlington & Quincy Railroad Company. In relation to the ownership and operation of the road and kindred matters we give the language of the witnesses themselves, as found in the transcript of the record. The following occurs in the examination of E. Hanson, one of the defendant's witnesses:

"Q. What is your business?

"A. Claim agent for the Chicago, Burlington and Quincy.

"Q. Are you or have you been in the employ or pay of the Burlington and Missouri River Railroad Company in Nebraska?

"A. No, sir; I have never drawn any salary from the Burlington and Missouri River Railroad Company in Nebraska.

"Q. Do you know whether or not the Burlington and Missouri River Railroad Company owns any property in the state of Colorado?

"A. I do.

"Q. You may state whether or not during the month of February of the present year The Burlington and Missouri River Railroad Company in Nebraska owned or operated any property in the state of Colorado.

"A. It did not.

"Q. You may state who, if an individual, or what corporation or company, owns and operates the railroad known as the Burlington and Missouri River Railroad in Nebraska, or that portion which runs across Boulder county, Colorado.

"A. The Chicago, Burlington and Quincy Railroad Company operates the line of road running through Longmont and Hygiene and into Lyons in this county, formerly known as the Denver, Utah and Pacific road.

"Q. What was the significance, if you know, of the name The Burlington and Missouri River Railroad Company in Nebraska?

"A. It is for the convenience of keeping the accounts separate from the accounts of the road east of the Missouri river.

"Q. And that portion of the line east of the Missouri river and the portion west of the Missouri river, designated as the Burlington and Missouri River Railroad in Nebraska, are parts of what railroad system?

"A. Of the Chicago, Burlington and Quincy Railroad Company.

"Q. How long, if you know, has the Chicago, Burlington and Quincy Railroad Company owned and operated these two portions of the system that you have spoken of?

"A. To my knowledge since 1891 up to the present time.

"Q. Mr. Hanson, did you or were you instrumental in appealing this case from the justice court to this court?

"A. I was."

Another witness for the defendant, J. W. Williams, was examined as follows:

"Q. What is your business?

"A. An agent for the Chicago, Burlington and Quincy.

"Q. Where are you located?

"A. At Longmont.

"Q. What was your business during the month of February, 1898?

"A. I was located at Longmont, Colorado, and occupied as agent for the Chicago, Burlington and Quincy Railroad Co.

"Q. Were you during the month of February,

1898, agent or employed by The Burlington and Missouri River Railroad Company in Nebraska?

"A.    I was not.

"Q.    How long have you been employed by the Chicago, Burlington and Quincy Railway Company?

"A.    About twelve years.

"Q.    Were you at any time since the 26th day of February, 1898, served with a summons in the case of W. W. Burch v. The Burlington and Missouri River Railroad Company in Nebraska?

"A.    Yes, sir.

"Q.    Do you remember when?

"A.    I think along about the 1st of May, if I am not mistaken.

"Q.    Were you employed by The Burlington and Missouri River Railroad Company in Nebraska in any capacity?

"A.    No, sir.

"Q.    Have you been since— .

"A.    No, sir.

"Q.    Are you familiar with the line of railroad owned by the Chicago, Burlington and Quincy Railroad Company in Boulder county, Colorado?

"A.    Yes, sir.

"Q.    You may state to the jury the termini of that railroad in this county.

"A.    The Chicago, Burlington and Quincy operates that line of road known as the Burlington and Missouri River Railroad in Nebraska.  It runs from Denver to Lyons, through Longmont and Hygiene.
*    *    *

"Q.    What did you do when you had the summons served on you?

"A.    I took it and sent it in to the superintendent's office at McCook, Nebraska.    *    *    *

"Q.    If you represent the Chicago, Burlington and Quincy Railroad and had nothing to do with the

Burlington and Missouri River Railroad Company in Nebraska, why did you pay any attention to it?

"A. For this reason. I was satisfied it had reference to our road. I took the summons and had it sent in to the superintendent.

"Q. Is not it a fact that that road of which you are agent of is known as the Burlington and Missouri River Railroad in Nebraska?

"A. Yes, sir.

"Q. And that on their printed matter they have that name—the name of the Burlington and Missouri River Railroad in Nebraska?

"A. They have that printed matter, a large share of it, at the top of which is 'The Burlington and Missouri River Railroad in Nebraska,' and in parenthesis under it, 'Chicago, Burlington and Quincy Railroad Company, owners.'"

The Chicago, Burlington and Quincy Railroad Company being, at the time of the fire, the owner and operator of the railroad on the line of which the fire originated, whatever responsibility for the fire and its results there may be attaches solely to that corporation and, because it was from its train and from no other train that the fire proceeded and it and not another is liable for the loss, it is insisted that the judgment against the Burlington and Missouri River Railroad in Nebraska cannot stand. If the defendant were a corporation distinct from the Chicago, Burlington and Quincy Railroad Company we might be compelled to agree with counsel.

See *D. & R. G. R. Co. v. Loveland,* 16 Colo. App. 146, 64 Pac. 381.

But the fact is not so. It appears abundantly from the evidence produced for the defendant that the Burlington and Missouri River Railroad Company in Nebraska is not the legal name of any corporation, but that, for its own convenience, the Chi-

cago, Burlington and Quincy Railroad Company has designated that portion of its line west of the Missouri river as the Burlington and Missouri River Railroad in Nebraska. The purpose of this suit was to obtain a judgment against the owner of the line of railroad from which the fire proceeded, but the owner was misnamed. Instead of being sued by its proper corporate appellation it was called by a name derived from a designation which it applied to a particular portion of its line. The summons in the case was served on the agent of the Chicago, Burlington and Quincy Railroad Company and in response to its notification that company appeared and conducted the defense. As a legal entity the Burlington and Missouri River Railroad Company in Nebraska had no existence; summons could not be served on it; it had no agents; it could not employ counsel; and it could not make a defense. But the summons brought a party into court by which defense was made, and evidently that party was the Chicago, Burlington and Quincy Railroad Company, upon whose agent summons was served. The simple fact which the record clearly discloses is that the Chicago, Burlington and Quincy Railroad Company was sued by an erroneous name.

It was competent to that company to submit to a suit against it by that name. It could have taken advantage of the error upon its appearance in response to the summons, but it offered no objection, and participated in a trial of the case upon its merits. It therefore waived the error in its name. Its failure to show the misnomer at the proper time concludes it, and if the plaintiff move properly the judgment is as effective against it as if it had been correctly named.—*Ins. Co. v. French,* 18 How. 404; *Pond v. Ennis,* 69 Ill. 341.

Error is assigned upon the admission and ex-

clusion of evidence. It is not shown in argument how the defendant was injured by the rulings. In some instances they seem to have been proper enough; in others the evidence rejected was afterwards received, and it is upon that very evidence that this opinion largely rests. Two examples will serve to show the nature of the rulings of which complaint is made. The plaintiff was asked by his counsel whether or not in the enclosure where the hay was stacked and on the ground where it was cut there were small trees growing. The answer was that there were small trees between the stack and the railroad. It was objected by the defendant that the question was immaterial, incompetent and irrelevant. The question does not seem to us to be very important. It probably belongs to a class of questions not infrequently asked witnesses for the purpose of obtaining an acquaintance with the situation or circumstances related to the occurrence out of which the litigation arose. Such acquaintance may lead to a clearer understanding of the principal facts, or it may not; but how it can be harmful is not explained to us. The plaintiff claimed nothing on account of the trees; there was no evidence that any of them were injured; and except as descriptive of the ground through which the fire passed on its way to the stack, nothing was said about them. We hardly think the court erred in allowing the question. John A. Webber was a witness for the defendant. He testified that he was an agent for the company whose track passed through the plaintiff's farm. He was then asked "What company is that?" The plaintiff objected to the question as not being cross-examination, and the objection was sustained. The question was proper, and the answer should have been received. But the defendant was allowed by other witnesses to prove what company that was and the evi-

dence was uncontradicted, so that it had the full benefit of the fact it desired to establish and was, therefore, unharmed by the particular ruling.

Complaint is made of an instruction to the effect that if the defendant appeared and defended the suit and appealed from the judgment of the justice to the county court it was estopped to deny its corporate existence. That instruction states the law.—*Decorating Co. v. Ham,* 3 Colo. App. 559. As the defendant was the Chicago, Burlington and Quincy Railroad Company sued by a wrong name, it was its corporate existence to which the instruction referred. We see no necessity for the instruction, but neither do we see how the defendant could be injured by it. The instructions offered by the defendant which the court declined to give advanced propositions directly opposite to views expressed by us in this opinion, and were properly refused. Some of the instructions for the plaintiff were too favorable to the defendant; but that they were so furnishes the defendant with no ground of complaint.

The judgment will be affirmed.     *Affirmed.*