# JONAH K. KALANIANAOLE *vs.* PACIFIC MAIL STEAMSHIP COMPANY.

## June 2, 1905.

*Foreign Corporations.—Service of Process:* Where the laws of a State or Territory require a foreign corporation desiring to carry on business in such State or Territory, to file a copy of its charter and the name of some person upon whom legal notices and process may be served, if such foreign corporation engages in such business though failing to comply with such requirement, it is still subject to the laws of such State or Territory and amenable to its process, the person transacting its business therein as managing agent being subject to the service of process as representing such foreign corporation.

Section 2625 of the Revised Laws of Hawaii, as amended by Act 98 of the Session Laws of 1905, providing that "no license shall be necessary "for any corporation engaged solely in business of *foreign or interstate* "commerce," does not relieve such corporation from compliance with the above requirement.

In Admiralty: Motion to set aside service and quash citation.

W. S. Edings and C. W. Ashford, Proctors for Libellant. Kinney, McClanahan & Cooper, Proctors for Libellee.

DOLE, J. In this case, before answer, the defendant filed a special appearance and motion to set aside service and quash citation on the grounds "(1) That the process issued herein on the "libel in *personam* herein was and is unauthorized by law and "insufficient. (2) That the purported service of the citation "upon the defendant herein was and is unauthorized by law "and insufficient. (3) That it does not appear from the return "of service herein that the defendant could not be found. (4) "That it does not appear from the return of service herein that "any copy of the libel in *personam* herein was served upon the "defendant or upon any other person." The gist of these objections was that the marshal served the process upon an agent of the defendant and did not state in his return of service that the

defendant could not be found. The defendant in this case is a foreign corporation, organized under the laws of the State of California.

The authorities cited by counsel for defendant, in support of his motion, are good law, but are not, I think, applicable to the circumstances of this case. The provisions of Section 1721 of the Revised Laws of Hawaii, providing that in case the defendant cannot be found, the service shall be made by leaving the certified copy of the summons "with some agent or person "transacting the business of the defendant, or at the defend-"ant's last place of residence," are not in point in the case of a corporation, which cannot be served at all except through its agents and representatives. It is a matter of course that the defendant, a foreign corporation, could not be found and service on a corporation is impossible except under the provisions of the statute which provide how such service shall be made. In the Hawaiian Islands, this is provided for in Section 2623 of the Revised Laws of Hawaii, by which every foreign corporation desirous of carrying on business in this Territory is required to file in the office of the treasurer, "1. A certified copy "of the charter or act of incorporation of such corporation or "company: 2. The names of the officers thereof; 3. The name "of some person upon whom legal notices and process from the "courts of this Territory may be served; 4. A certified copy of "the by-laws of such corporation or company."

Upon inquiry, the court has ascertained that the defendant has not carried out the requirements of this statute in any particular. In such a case, the authorities agree that a foreign corporation doing business locally may not take advantage of its neglect of filing such required papers and thereby evading service of process.

"A corporation may sue in a foreign state, by its attorney there; and if it fails in the suit, be subject to a judgment for costs. And so if a corporation, though in Indiana, should appoint an attorney to appear in an action brought in Ohio, and

the attorney. should appear, the court would have jurisdiction to render a judgment, in all respects as obligatory as if the defendant were within the state. The inquiry is, not whether the defendant was personally within the state, but whether he,. or some one authorized to act for him in reference to the suit, had notice and appeared; or, if he did not appear, whether he was bound to appear or suffer a judgment by default.   *   *   *

"Process can be served on a corporation only by making service thereof on some one or more of its agents. The law may, and ordinarily does, designate the agent or officer on whom process is to be served. For the purpose of receiving such service, and being bound by it, the corporation is identified with such agent or officer. The corporate power to receive and act on such service, so far as to make it known to the corporation, is thus vested in such officer or agent." *The Lafayette Ins. Co. v. French et al.* 59 U. S. 404, 407-8.

"The state may, therefore, impose as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that in any litigation arising out of its transactions in the state, it will accept as sufficient the service of process on its agents or persons specially designated; and the condition would be eminently fit and just. And such condition and stipulation may be implied as well as expressed. If a state permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the state are deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process. Such condition must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. It must be reasonable,. and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation." *St. Clair v. Cox,* 106 U. S. 350, 356.

"The counsel for appellant further contend that inasmuch as the appellant had never filed its articles of incorporation with the secretary of state, nor its certificate of the appointment of an agent, as required by the law of this state, it was not legally doing business within the state, and could not legally have a managing agent therein, on whom service could be made. But we cannot assent to this proposition. The failure of appellant to comply with the laws of this state cannot be taken advantage of by itself, nor in fact by any private person in a collateral proceeding. The state only in its sovereign capacity can take advantage of such failure of a foreign corporation to comply with the law. *Wright v. Lee,* (S. D.) 51 N. W. 706, 55 N. W. 931. If a foreign corporation is engaged in business in this state, though failing to comply with the laws by filing a copy of its articles of incorporation and a certificate of the appointment of an agent, it is still subject to the laws of the state, and amenable to its process, until its right to so continue to do business within the state is declared forfeited by the courts of the state, upon due proceedings taken in the name of the state. The person transacting the business of the corporation in this state, as managing agent, must be presumed to be the agent of the corporation, and subject to the service of process. In *Hagerman v. Slate Co.,* 97 Pa. St. 534, the supreme court of Pennsylvania said: 'When a foreign corporation, transacting business in this state, has failed to establish an office, and report the name of an agent,  *  *  *  but has some person residing therein as its agent, it must be presumed that the corporation has substituted such agent as the one on whom service is authorized to be made, to the extent, at least, of its unfinished business in this state.' " *Foster v. Charles Betcher Lumber Co.,* 5 S. Dak. 57, 63-4.

At the reading of this decision, counsel for the defendant offered a new point, to the effect that Section 2625 of the Revised Laws, as amended by Act 98 of the Session Laws of 1905, Section 2, providing "that no license shall be necessary for any

"corporation engaged solely in the business of foreign or inter-
"state commerce," does away with the requirement of Section
2623 of the Revised Laws "that the name of some person upon
"whom legal notices and process from the courts of this Terri-
"tory may be served," shall be filed with the treasurer. The
decision was thereupon withheld for the consideration of this
point.

I do not find that the provision quoted from Act 98 of the
Session Laws of 1905, affects Section 2623; it applies simply to
the provision of Section 2625 of the Revised Laws as amended
by Section 2 of Act 98 of the Session Laws of 1905, that "no
"foreign corporation, except foreign insurance companies, which
"does not invest and use all its capital in this Territory, shall
"have an office or offices in this Territory for the use of its
"officers, stockholders, agents or employees, unless it shall first
"have obtained from the Treasurer an annual license to do so,"
which license is obtained by the payment of an annual fee of
three hundred dollars. Although under this provision, the de-
fendant in this case, being a foreign corporation presumably
engaged solely in the business of foreign or inter-state com-
merce, is not required to procure a license, yet it is not relieved
from the necessity of filing the name of some person on whom
legal notices and process in the courts in this Territory, may
be served under Section 2623 of the Revised Laws. I see,
therefore, no ground under the new point, for ruling that this
defendant is not required to file the name of some person on
whom legal notices and process in the courts in this Territory
may be served, and therefore, under the authorities above cited,
the service of process upon a director of H. Hackfeld & Com-
pany, Limited, the agents of the defendant in this Territory,
must be held sufficient, it appearing that service was made by
leaving a copy of the citation with a certified copy of the libel
with William P. Pfotenhauer, a director of H. Hackfeld &
Company, Limited, defendant's agents.

The motion is therefore overruled.