MICHAEL LUBRANO vs. IMPERIAL COUNCIL OF THE ORDER OF
UNITED FRIENDS.

PROVIDENCE — APRIL 17, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast. JJ.

Leaving a copy of a writ with the insurance commissioner of this State in a suit
against an insurance company doing business here but which had not ap-
pointed the commissioner its attorney to accept service of process against it,
is not a valid service of the writ.

Where such attempt to serve the writ appears by the record and is the only
service thereof, and there is no appearance by or in behalf of the defendant
company, the court is without jurisdiction.

In a proceeding *in personam* notice of the proceeding against him, either actual
or constructive, is necessary to give the court jurisdiction over the defendant.

A contract whereby a benefit is to accrue to the plaintiff upon his death or
physical disability, and conditioned upon the collection of an assessment upon
persons holding similar contracts, is a contract of insurance.

PLAINTIFF'S petition for a new trial.

TILLINGHAST, J.   This case is before us on the plaintiff's
petition for a new trial.   It was brought in the Common
Pleas Division, was not answered by the defendant, and was
dismissed by the court for lack of service.   The record shows
that the defendant is a corporation of the so-called fraternal
class, incorporated in the State of New York; that it is doing
business in this State; that the plaintiff was a member of a
subordinate lodge, organized under said corporation, in the
city of Providence; and that this action is brought upon a
liability incurred by said defendant.   The writ in the case
was served by leaving an attested copy thereof with the
insurance commissioner of this State.   The record shows,
however, that he had not been appointed by the defendant
as its attorney to accept service, under Gen. Laws R. I. cap.
182, § 3, which is as follows:  "No insurance company not
incorporated under the authority of this state, shall directly
or indirectly issue policies, take risks, or transact business in
this state, until it shall have first appointed in writing the
insurance commissioner of this state to be the true and
lawful attorney of such company in and for this state, upon

whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company existed in this state. Said power of attorney shall stipulate and agree on the part of the company that any lawful process against the company which is served on said attorney shall be of the same legal force and validity as if served on the company, and that the authority shall continue in force so long as any liability remains outstanding against the company in this state. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the insurance commissioner, and copies certified by him shall be received in evidence in all courts in this state. Service upon such attorney shall be deemed sufficient service upon the principal."

The first question which we are called upon to decide is whether the contract on which the action is based is a contract of insurance within the meaning of our statute. We think it is clear, upon the evidence submitted, that it is such a contract and that the defendant is doing an insurance business in this State. The making of a contract like the one in suit, whereby a benefit is to accrue to the plaintiff upon his death or physical disability, which benefit is or may be conditioned upon the collection of an assessment upon persons holding similar contracts, is declared to be a contract of insurance by Gen. Laws R. I. cap. 184, § 2.[1] See also *Commonwealth* v. *Wetherbee*, 105 Mass. 149 ; *State* v. *Nichols*, 78 La. 747 ; Niblack Insurance and Benefit Societies, § 3 and cases cited.

---

[1] "SEC. 2. Every contract whereby a benefit is to accrue to a party or parties named therein upon the death or physical disability of a person, which benefit is or may become in any degree or manner conditional upon the collection of an assessment upon persons holding similar contracts, shall be deemed a contract of insurance on the assessment plan, and the business involving the issuance of said contract shall be carried on, in this state, only by duly organized corporations which shall be subject to all the provisions and requirements of this chapter. If the benefit is to accrue through the death of the insured person, the contract shall be of life insurance ; if through accidental death only, or the physical disability from accident or sickness, of the insured, it shall be of casualty insurance."

The main question in the case, however, and the one which, in view of the authorities cited by plaintiff's counsel, has caused us to hesitate in deciding, is whether there has been any valid service of the writ.   The plaintiff's counsel contends that the service was sufficient because the defendant is estopped to deny that it has appointed the insurance commissioner its attorney to accept service, after having done business in the State and received the benefits thereof.   While it is probably true, and indeed such seems to be the well settled law, that the defendant would be estopped to deny that it has complied with the statute as to the appointment of an attorney to accept service, yet a difficulty arises in the application of the principle to this case.   The defendant makes no appearance ; so that no question of estoppel, as it seems to us, can properly be raised or considered.   See *Anthony, Dennison & Co.* v *Brayton*, 7 R. I. 53–4.   The writ was not served upon an agent of the defendant corporation, as was the case in *Moch* v. *Ins. Co.*, 10 Fed. Rep. 696, and other cases cited by plaintiff ; nor was it served upon any person authorized by the defendant to accept service thereof.   Moreover, the fact appears of record, and from the plaintiff's own showing, that the defendant failed to comply with the statute first above quoted, and hence that there was no service of the writ whatsoever unless we can hold that service upon the insurance commissioner, with the actual knowledge on our part that he was never authorized to accept the same, gives jurisdiction.   It seems to us that to so hold would violate the very foundation principle of all judicial proceedings, which principle requires that, in order to give the court jurisdiction over a defendant where it is a proceeding *in personam*, he must have notice, either actual or constructive, of the proceeding instituted against him.   In this case the defendant had neither.   And that fact appears, not by reason of the defendants setting up the same, as it does in the cases relied on by the plaintiff, but from the record itself.   And herein lies the difference between this case and those which have been cited by plaintiff's counsel.   In those cases there was an appearance for the defendant, either general or special, at

some stage of the proceeding, and the question of jurisdiction was litigated and decided adversely to the defendants respectively. Such was the case in *Hagerman* v. *Empire Slate Co.*, 97 Pa. St. 534, where the writ was served on an agent of the defendant found in the State. The defendant had not complied with the statute in the appointment of an agent on whom process might be served. The court held that "when a foreign corporation, transacting business in this State, has failed to establish an office and report the name of its agent to the secretary of the commonwealth, but has some person therein who acts as its agent, it must be presumed that the corporation has substituted such agent as one on whom service is authorized to be made." Moreover, under a statute of that State, service of process against a foreign corporation may be made upon any officer, agent or engineer of the corporation, either personally or by copy.

In *Ehrman* v. *Insurance Co.*, 1 McCrary, 123, the defendant appeared and filed a plea to the jurisdiction, which plea was held to be defective. The court, however, considered the main point intended to be raised by the pleader, and held that the defendant could not be heard to say that service of the summons on the State auditor was not a good personal service on the company. It also held that, from the fact of the defendants doing business in the State, the presumption of its assent to service in the mode prescribed by the statute arose, and that no averment or evidence to the contrary was admissible to defeat the jurisdiction, and that the defendant would not be permitted to relieve itself from a liability which the written stipulation required by the statute would have imposed, by pleading its own fraud on the law of the State and her citizens, under the maxim that no man shall take advantage of his own wrong.

*Foster* v. *Lumber Co.*, 5 S. Dak. 57, was a defaulted case in the court below, where, after judgment, the defendant appeared and moved to set aside the judgment on the ground that the writ was not served on any authorized agent of the defendant, which motion was denied and an appeal was taken. The record showed that the writ was served on two of the

managing agents of the defendant.   The defendant had failed to comply with the statute in the appointment of an agent authorized to accept service of process.   The court held that, in the first place, the service on the managing agent of defendant was good under the statutes of that State, which expressly declares that such service shall be good, and, in the second place, that the failure to comply with the laws of the State, in the appointment of an agent on whom process might be served, could not be taken advantage of by it.

*Sparks* v. *Masonic Association*, 73 Fed. Rep. 277, was a defaulted case in the court below, the record of which court shows "that personal service was had upon defendant in accordance with the laws of this state, as provided by section 5912 of the statutes of 1889, by serving the writ, with a copy of the petition, upon the superintendent of the insurance department of this state, the person authorized by law to receive such service, more than thirty days before the first day of this term."   In an action on the judgment the defence set up was that the court rendering the same was without jurisdiction, and hence that the judgment was void.   The defendant asserted that it never appeared in said action wherein the judgment was rendered ; it denied that it was ever served with process, and also asserted that it never appointed the superintendent of the insurance department of the State of Missouri, or any other person on whom service might be made.   The court held that, by the fact of doing business in the State, the defendant asserted a compliance with the laws thereof, and, after enjoying the benefits of the business and receiving the money of the assured, it could not be heard to say that it never submitted to the jurisdiction of the State.

*Moch* v. *Insurance Co.*, 10 Fed. Rep. 696, in which the general question of obtaining jurisdiction over a foreign corporation is very fully and ably discussed, was a case where the plaintiff served his writ upon an agent of the defendant in the State of Louisiana, and obtained judgment by default. Shortly afterwards the defendant appeared specially by its attorney and moved that the suit be dismissed on the ground

that the defendant had not been legally cited, and hence that the court was without jurisdiction to render judgment in the case. This motion was denied, and no appeal was taken therefrom. Upon the judgment thus obtained suit was subsequently brought in the United States Circuit Court of Virginia, the defendant having its principal office in Richmond in said State. The defendant pleaded, among other things, that the person on whom the writ was originally served in Louisiana was not its agent for the purpose of accepting service, and that the court below had no jurisdiction by reason thereof. It was held that where a court of general jurisdiction in another sovereignty has passed upon the question of its own jurisdiction, when expressly raised by plea, the parties to such a suit are bound in the home court, under the principles of *res judicata.* It was also held that an insurance company, chartered and resident in one State, which does business in another State, through an agent there, may be sued in that State, if its statute law does not forbid, by service of process on that agent, whether he has express power of attorney to receive or accept such service or not, and that this is especially so where the law of such State requires every foreign insurance company doing business therein to appoint an agent in the State empowered to receive service of process. See also *Osborne* v. *Insurance Co.*, 51 Vt. 278. A collection of the cases on the general question before us may be found in 23 L. R. A. p. 490, *et seq.*

It will thus be seen that in those cases where the defendant appeared and pleaded to the jurisdiction, by setting up the fact that it had not appointed some one authorized by it to accept service of process, as required by statute, the courts uniformly held that this could not be allowed, the defendant being estopped from setting up its own misconduct. It will also be seen that, in those cases where judgment was rendered by default, the return on the writ showed a valid service *prima facie,* and nothing was brought upon the record by the plaintiff to contradict the same, so that the court was fully warranted in exercising its jurisdiction. That is to say, the court, having no knowledge to the contrary, was bound

to presume that the defendant had discharged its statutory duty by appointing the person therein designated as its agent to accept service, and hence that service upon such person was good. Here, however, no such presumption can be said to arise, in the face of the record before us, which shows that, as a matter of fact, the defendant had not complied with the statute first above quoted ; and hence the court cannot stultify itself by holding that any such presumption exists. Indeed it would be absurd to say that a presumption arises as to the existence of a certain jurisdictional fact when the court is judicially informed that it does not exist. So that, even recognizing the full force and authority of the decisions cited in support of the plaintiff's position, yet we do not think that, in the circumstances aforesaid, they are decisive of the question before us.

The case of *Knapp, Stout & Co.* v. *Insurance Co.*, 30 Fed. Rep. 607, is clearly in point. That was a case in the United States Circuit Court of Missouri, where the statutory requirement as to the appointment of the insurance commissioner by a foreign corporation doing business in the State is similar to the one here. Service of the writ was made upon said insurance commissioner, who declined to receive the summons and copy of the petition which was handed to him, but he gave no reason therefor. No appearance was entered by the defendant, and the plaintiff asked for a default. The court, Brewer, J., held that the service was good *if the insurance commissioner had power to receive the same*, and that, as it was alleged in the petition that the company was doing business in the State, having agents and officers there, the court would *presume* that it had complied with the law, and therefore, *prima facie*, at least, the service was good. Whereupon a judgment by default was entered. Had it come to the knowledge of the court, however, from the plaintiff's own showing, as it does in the case before us, that, as a matter of fact, said commissioner was not authorized to receive service of the writ, it is evident that the court would have held that there was no service, and hence no jurisdiction.

Petition for new trial must therefore be denied.

*Willard B. Tanner*, for plaintiff.

No appearance by or in behalf of the defendant.