## LONERGAN v. ILLINOIS CENT. R. CO.

(Circuit Court, N. D. Iowa, E. D. April 24, 1893.)

CIRCUIT COURTS—JURISDICTION—DIVERSE CITIZENSHIP—CORPORATIONS.
In showing diverse citizenship for the purpose of sustaining federal jurisdiction, it is not sufficient to merely allege that a corporation is a citizen of a given state, for corporations are not strictly citizens. The averment must be to the effect that the corporation was created under the laws of the state named. Insurance Co. v. French, 18 How. 404, and Muller v. Dows, 94 U. S. 444, followed.

At Law. Suit brought by Sarah Lonergan, as administratrix, etc., against the Illinois Central Railroad Company in the district court of Floyd county, Iowa, and removed on application of the defendant to the United States circuit court for the northern district of Iowa, eastern division. Plaintiff moves to remand. Motion granted.

J. S. Root, for plaintiff.
Ellis & Ellis and W. J. Knight, for defendant.

SHIRAS, District Judge. This cause was originally brought in the district court of Floyd county, Iowa, whence it was removed to this court upon the application of the defendant. The motion to remand filed on behalf of the plaintiff presents the question whether the removal was applied for in time, and also whether a proper record had been filed in this court. These questions will not be considered, because upon the face of the record there appears another

objection to entertaining jurisdiction, which, in the judgment of the court, is fatal thereto. The rule is well settled that, as the courts of the United States are of limited jurisdiction, the presumption is against the jurisdiction, unless upon the face of the record the contrary affirmatively appears. Robertson v. Cease, 97 U. S. 646. It is furthermore required that the fact or facts upon which jurisdiction is sought to be founded shall be clearly and positively stated. In Brown v. Keene, 8 Pet. 115, it was said by Mr. Chief Justice Marshall, speaking for the court, that "the decisions of this court require that the averments of jurisdiction shall be positive; the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." And in Robertson v. Cease, supra, it is ruled that, "in cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record."

This action being brought to recover damages for personal injuries caused to plaintiff's intestate, the only ground upon which jurisdiction in the federal court could be based is that of the diverse citizenship of the parties litigant. In the original and substituted petition filed in the case it is averred that the defendant, the Illinois Central Railroad Company, is an incorporated company, organized and operating a railway in the state of Iowa. In the petition for removal it is averred that at the commencement of the suit, and ever since, the plaintiff was and is a citizen of the state of Iowa, and that the defendant "was at the time of the commencement of this suit, and still is, a citizen of the state of Illinois." In no part of the record nor in the petition for removal is there an averment to the effect that the defendant company is a corporation created under the laws of the state of Illinois. By the decisions of the supreme court in the cases of Bank v. Deveaux, 5 Cranch, 61; Bank v. Earle, 13 Pet. 521; Railroad Co. v. Letson, 2 How. 497; Marshall v. Railroad Co., 16 How. 314; Drawbridge Co. v. Shepherd, 20 How. 232; Railroad Co. v. Wheeler, 1 Black, 286; Muller v. Dows, 94 U. S. 444; and Chapman v. Barney, 129 U. S. 677, 9 Sup. Ct. Rep. 426,—it is settled that a corporation is not, strictly speaking, a citizen; and therefore, to sustain a suit by or against a corporation in the federal courts, it is regarded as a suit by or against the stockholders of the corporation, and for jurisdictional purposes it is conclusively presumed that the stockholders are citizens of the state under whose laws the corporation is created. In other words, if it is averred in a given case that a corporation is created under the laws of a named state, the court will indulge in the legal presumption that all the stockholders are citizens of the named state, and that as citizens of such state they may sue or be sued in the corporate name. The jurisdiction is based upon the assumed citizenship of the stockholders; and to give rise to this legal assumption it must be averred, and in case of contest it must be proved, of what state the corporation is a creation. As already stated, it is not averred

in any part of the record in this cause that the defendant railway company is a corporation created under laws of the state of Illinois, or of any state other than Iowa, and therefore no facts are averred from which the court can draw the legal conclusion that the stockholders are citizens of Illinois, or of any state other than Iowa. The averment found in the petition for removal, that the defendant is a citizen of the state of Illinois, is not sufficient to justify the court in assuming that the company is an Illinois corporation.

Thus, in Insurance Co. v. French, 18 How. 404, the averment was that the plaintiffs, citizens of Ohio, complained "of the Lafayette Insurance Company, a citizen of the state of Indiana;" and it was held by the supreme court that "this averment is not sufficient to show jurisdiction. It does not appear from it that the Lafayette Insurance Company is a corporation, or, if it be such, by the law of what state it was created. The averment that the company is a citizen of the state of Indiana can have no sensible meaning attached to it. This court does not hold that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a state, within the meaning of the constitution." The ruling thus made was cited and approved in the subsequent case of Muller v. Dows, 94 U. S. 444, in which case it was averred in the bill that the defendants, the Chicago & Southwestern Railway Company and the Chicago, Rock Island & Pacific Railroad Company, were citizens of the state of Iowa. The supreme court, speaking through Mr. Justice Strong, held that, "were this all that the pleadings exhibit of the citizenship of the parties, it would not be enough to give the circuit court jurisdiction of the case. In Insurance Co. v. French, 18 How. 404, a similar averment was held to be insufficient because it did not appear from it that the Lafayette Insurance Company was a corporation, or, if it was, that it did not appear by the law of what state it was made a corporation. * * * It is therefore necessary that it be made to appear that the artificial being was brought into existence by the law of some state other than that of which the adversary party is a citizen." These decisions settle the proposition that the averment in the petition for removal, to the effect that the defendant railway company was when the suit was brought, and continued to be, a citizen of the state of Illinois, cannot be construed to be an averment that the company is a corporation, or that it was created such under the laws of the state of Illinois; and, unless these facts are made clearly to appear upon the record, the court cannot draw the legal conclusion that the stockholders are citizens of the state of Illinois. The other parts of the record do not supply this defect, but on the contrary it is averred in the original and substituted petitions that the Illinois Central Railroad Company is an incorporated company, organized and operating a railway in the state of Iowa, which averment certainly does not show that it is a corporation created under the laws of the state of Illinois. The record, therefore, fails to show that the controversy involved in the suit is one in which the adversary parties were when the suit was brought, and when the removal was

sought, citizens of different states, and of necessity it must be held that this court cannot take jurisdiction thereof. The case is therefore remanded to the state court, at cost of the defendant.