# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### FRISBIE v. CHESAPEAKE & O. RY. CO.

#### (Circuit Court, D. Kentucky. May 31, 1893.)

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP—CORPORATION.
   An averment that a corporation is a citizen of a certain state is insufficient to give a federal court jurisdiction. The averment should be that the corporation is organized under the laws of a certain state.

2. SAME—DEFECTIVE PETITION FOR REMOVAL—WAIVER.
   Where the petition for removal of a cause to a federal court avers that one party, a corporation, is a citizen of a certain state, instead of averring that it is organized under the laws of the state, a motion to remand should be granted, although plaintiff has appeared in the federal court, and demurred generally to the defendant's answer.

At Law. Suit in the circuit court of Bracken county, Ky., by H. B. Frisbie against the Chesapeake & Ohio Railway Company. Defendant removed the cause to this court. Plaintiff demurred to defendant's answer, and now moves to remand. Granted.

O. B. Simrall, Alfred Mack, and J. T. Simon, for plaintiff.
Hallam & Myers and W. H. Jackson, for defendant.

Before LURTON, Circuit Judge, and BARR, District Judge.

LURTON, Circuit Judge. This suit was begun in the circuit court of Bracken county, Ky., and on petition of the defendant, alleging that it is a controversy wholly between citizens of different states, it was removed to this court. The matter is now heard upon a motion by plaintiff to remand to the state court, because there is no averment that the defendant company was a nonresident of Kentucky at the time the suit was begun. Such an averment is necessary, inasmuch as the right of removal upon the ground that the suit is wholly between citizens of different states is a right which, by the act of 1887, as corrected by the act of 1888, may be exercised only by "the defendant or defendants therein being nonresidents of that state." A petition for removal which fails to show that the de-

fendant was a nonresident when the suit was begun is fatally defective.     Camprelle v. Balbach, 46 Fed. Rep. 81.

It has been very earnestly urged by the learned counsel who have appeared for the defendant company that this defect in the petition has been waived by the plaintiff, who, after the filing of the record in this court, appeared and demurred orally to the answer of the defendant company, upon the ground that the answer was insufficient in law and fact, and made no issue upon the cause of action stated in the petition of plaintiff.     Pending consideration of this demurrer plaintiff moved to remand the cause to the state court for the reason heretofore stated.     A demurrer for the reason that a pleading does not state a cause of action or set up a valid defense, raises an issue, and is a trial of the cause of action.     Alley v. Nott, 111 U. S. 472, 4 Sup. Ct. Rep. 495.     Where the case stated in the transcript or in the petition for removal is one cognizable in the United States courts, as where it is averred that the suit is wholly between citizens of different states, and involving a sum within the jurisdiction of the court, the jurisdiction of the court would attach upon the appearance of the parties and the filing of a plea to the merits, notwithstanding the cause was one which was not cognizable by the particular United States court to which it had been removed.     The principle is that decided in Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. Rep. 982, and in Ex parte Schollenberger, 96 U. S. 369. In the first case cited it was held that, where a defendant appears and pleads to the merits, he waives any right to question thereafter the jurisdiction of the court, on the ground that the suit had been brought in the wrong district.     Plaintiff's contention is that this is a controversy wholly between himself, a citizen of Kentucky, and the defendant company, a citizen of Virginia; that it is therefore a cause within the general jurisdiction of the United States courts, and that plaintiff could have brought this suit within the district of Virginia, or in the district of the plaintiff's residence, provided the defendant did not reside therein; that it is therefore a suit pending in the wrong district, yet, being a cause cognizable by the United States courts, is one cognizable by this particular court, if the jurisdiction of the particular court be conceded by a plea to the merits. This contention is probably well taken if the case appearing on the record is in fact one within the general cognizance of United States courts.

Just at this point the case of defendant breaks down.     The petition of plaintiff states that the defendant company is a railroad corporation, but it does not aver the state of its origin.     The answer is silent as to this.     The petition for removal avers that "the suit is wholly between citizens of different states, to wit, between said petitioner, who avers that it was at the time of the bringing of this suit, and still is, a citizen of the state of Virginia, and the said plaintiff, who, as your petitioner avers, was and still is a citizen of the state of Kentucky."     An averment that a corporation is a citizen of a particular state is insufficient.     A corporation is not a citizen of a state, within the meaning of the constitution.     The averment

should be that it was a corporation created by the laws of a particular state. In Insurance Co. v. French, 18 How. 404, and in Muller v. Dows, 94 U. S. 444, a similar averment was held bad. In the latter case Mr. Justice Strong said:

"A corporation itself can be a citizen of no state in the sense in which the word 'citizen' is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation, and for the purpose of jurisdiction it is conclusively presumed that all the stockholders are citizens of the state, which, by its laws, created the corporation. It is therefore necessary that it be made to appear that the artificial being was brought into existence by the law of some state other than that of which the adverse party is a citizen. Such an averment is usually made in the introduction or in the stating part of the bill. It is always there made, if the bill is formally drafted. But if made anywhere in the pleadings, it is sufficient."

The defective averment is not corrected elsewhere in the pleadings. In this view of the case it becomes unnecessary to consider whether a corporation can reside elsewhere than in the state of its creation. This question seems to be finally settled in the negative by the late cases of Shaw v. Mining Co., 145 U. S. 444, 12 Sup. Ct. Rep. 935, and Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. Rep. 44. In this view it would seem that an averment that a corporation had been created by the laws of another state would necessarily imply that it was a nonresident of the state in which the plaintiff resided. The motion to remand must be allowed for the defect in the averment as to the state under whose law the defendant company came into being. Where a cause is cognizable in a United States court the jurisdiction of the particular court may be waived, but where it is an action not within the general jurisdiction of any United States court the defect is not waived or jurisdiction conferred by appearance or consent.