### DE LOY v. TRAVELER'S INS. CO. OF HARTFORD.

(Circuit Court, W. D. Pennsylvania. November 29, 1893.)

#### No. 7.

REMOVAL—ALLEGATIONS AS TO CITIZENSHIP—AMENDMENT.

A record not showing whether the defendant, entitled by a company name, is a natural or artificial person, and a petition stating that defend-

ant is a citizen of another state, without averring incorporation in that state, do not affirmatively show a right to removal because of such citizenship, and the defect cannot be supplied by amendment.

At Law. Action by Adele De Loy against the Traveler's Insurance Company of Hartford, Conn., brought in the court of common pleas of Lycoming county, Pa., and removed therefrom by defendant. Heard on motion to remand. Granted.

The motion was made on the following grounds:

First. Because the petition filed in the state court for the removal of the case to the circuit court of the United States appears by the record to have been filed after answer made by the defendant to the plaintiff's declaration and statement.

Second. Because the record fails to show that the defendant is a nonresident of the state of Pennsylvania, and was such nonresident at the time suit was brought.

F. P. Cummings and H. C. & S. T. McCormick, for the motion.

C. E. Sprout and J. A. Beeber, opposed.

BUFFINGTON, District Judge. We are of opinion that neither the petition nor record affirmatively discloses such facts as warranted the removal of this case from, or divested the jurisdiction of, the court of common pleas of Lycoming county. The record does not show whether the defendant is a natural or an artificial person; whether a partnership or an individual doing business under a company name. The praecipe for the summons entitles the parties as "Adele De Loy v. The Traveler's Insurance Co. of Hartford, Conn.," and the petition for removal sets forth "that said defendant, your petitioner, at the time this suit was commenced, was, and still is, a citizen of the state of Connecticut." Do these facts affirmatively show a right of removal? It was alleged on the argument that in point of fact the defendant company was a corporation duly created by the laws of Connecticut, but there is no such averment in the record. If it be a corporation, not only should that fact be averred, but the place of incorporation must be specified, as upon that fact depends its place of citizenship. See Frisbie v. Railway Co., 57 Fed. 1, and cases there cited.

But leave is asked to amend. This we decline to allow. It has been held in Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1030, that in a case where a petition for removal on its face showed a right to transfer, an amendment germane to the petition, and which did no more than set forth in proper form what was before imperfectly stated, was permissible. But in the present case we have a petition which on its face shows no right to remove, and the proposed amendment would show what is not now shown, viz. the jurisdictional fact of actual parties of such diverse citizenship as would confer jurisdiction on the court. The case comes within the spirit of Crehore v. Railway Co., 131 U. S. 242, 9 Sup. Ct. 692, and Jackson v. Allen, 132 U. S. 32, 10 Sup. Ct. 9, and is not the subject for an amendment such as is proposed in the circuit court, when the case was originally brought in the state court, and from thence removed.

The case is therefore remanded to the court of common pleas of Lycoming county, at the costs of the defendant, and it is so ordered.