### DALTON v. MILWAUKEE MECHANICS' INS. CO.

(Circuit Court, N. D. Iowa, W. D. November 24, 1902.)

1. REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—SUFFICIENCY OF PETITION BY CORPORATION.

An averment in a petition for removal that defendant is a corporation and a "citizen and resident" of a state named is not the equivalent of one that it is organized under the laws of that state, and such petition is insufficient to effect a removal on the ground of diversity of citizenship, unless such fact otherwise appears on the record, under the settled rule that the record in the state court, when the petition has been filed therein, must show, by clear and positive averment, that the cause is

---

¶ 1. Averments of citizenship to show jurisdiction in federal courts, see note to Shipp v. Williams, 10 C. C. A. 261.

removable, and that the jurisdiction of the state court has terminated, and that of the federal court has attached.

2. SAME—AMENDMENT OF PETITION IN FEDERAL COURT.

Where the record in a state court, after the filing of a petition for removal therein, fails to show facts which are necessary to devest that court of jurisdiction, the federal court into which the record is removed is without jurisdiction to permit the amendment of the petition for removal to supply such facts.

On Motion to Remand to State Court and on Application by Defendant for Leave to File Amendment to Petition for Removal.

Martin & Martin and Wright, Call & Hubbard, for plaintiff.
Wright & Stout, for defendant.

SHIRAS, District Judge. This suit was brought in the district court of Plymouth county, Iowa, and in due season the defendant filed a petition for removal of the suit into this court, it being averred in the said petition "that in the above-entitled cause there is a controversy which is wholly between persons of different states, to wit, a controversy between your petitioner, the Milwaukee Mechanics' Insurance Company, a corporation which your petitioner avers was at the commencement of this suit, ever since has been, and still is, a citizen and resident of the state of Wisconsin, and said plaintiff, P. F. Dalton, who, your petitioner avers, was at the commencement of this suit, ever since has been, and still is, a citizen and resident of the state of Iowa, and that your petitioner was not at the commencement of this suit, nor has it ever been, and is not now, a resident or citizen of the state of Iowa." The transcript having been filed in this court, the plaintiff moves for an order remanding the case on the ground that this court is without jurisdiction over the suit, for the reason that the jurisdictional facts authorizing a removal are not made to appear upon the record; and thereupon the defendant asks leave to amend the petition for removal by adding thereto the averments "that the amount in controversy between said plaintiff and defendant exceeds in value the sum of $2,000, exclusive of interest and costs," and that "the defendant is a corporation organized and existing under and by virtue of the laws of the state of Wisconsin."

The first question to be considered is whether the record upon its face was sufficient to inform the state court that its jurisdiction over the case was at an end. Thus in Insurance Co. v. Pechner, 95 U. S. 183, 24 L. Ed. 427, it is said:

"This right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot proceed further with the cause. Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended."

In Water Co. v. Keyes, 96 U. S. 199, 24 L. Ed. 656, it was ruled that:

"It is well settled that in the courts of the United States the special facts necessary for jurisdiction must in some form appear in the record of every

suit, and that the right of removal from the state courts to the United States courts is statutory. A suit commenced in a state court must remain there until cause is shown under some act of congress for its transfer. The record in the state court, which includes the petition for removal, should be in such condition when the removal takes place as to show jurisdiction in the court to which it goes."

In Brown v. Keene, 8 Pet. 115, 8 L. Ed. 886, Mr. Chief Justice Marshall, speaking for the court, said:

"The decisions of this court require that the averment of jurisdiction shall be positive; that the declaration shall state expressly the fact on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments."

In Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057, it is declared that: .

"As the jurisdiction of the circuit court is limited in the sense that it has none except that conferred by the constitution and laws of the United States, the presumption now, as well as before the adoption of the fourteenth amendment, is that a cause is without its jurisdiction unless the contrary affirmatively appears. In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record."

In the case now before the court the defendant sought to remove the suit on the ground of the diversity of citizenship, and the question is whether such diversity was clearly and affirmatively made to appear in the state court when the petition for removal was filed therein.

It is sufficiently averred that the plaintiff, Dalton, was, when the suit was begun and when the petition for removal was filed, a citizen of the state of Iowa. With respect to the defendant, it is averred, in substance, that when the suit was begun and when the petition for removal was filed the Milwaukee Mechanics' Insurance Company was a corporation, and was a citizen and resident of the state of Wisconsin. Neither in the petition for removal, nor in any other part of the record, is it averred that the insurance company is a corporation created or organized under the laws of the state of Wisconsin. On behalf of the defendant it is contended that from the averment that the corporate insurance company is a citizen of the state of Wisconsin the inference should be drawn that the corporation was created under the laws of that state.

In Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451, it was said:

"In the declaration the plaintiffs are averred to be citizens of Ohio, and they complain of the Lafayette Insurance Company, a citizen of the state of Indiana. This averment is not sufficient to show jurisdiction. It does not appear from it that the Lafayette Insurance Company is a corporation; or, if it be such, by the law of what state it was created. The averments that the company is a citizen of the state of Indiana can have no sensible meaning attached to it. This court does not hold that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a state, within the meaning of the constitution."

In Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207, it was said:

"The two original defendants, the Chicago & South Western Railway Company and the Chicago, Rock Island & Pacific Railroad Company, are averred to be citizens of the state of Iowa. Were this all that the pleadings

exhibit of the citizenship of the parties, it would not be enough to give the circuit court jurisdiction of the case. In Insurance Co. v. French, 18 How. 404, 15 L. Ed. 451, a similar averment was held to be insufficient, because it did not appear from it that the Lafayette Insurance Company was a corporation, or, if it was, that it did not appear by the law of what state it was made a corporation. A corporation itself can be a citizen of no state in the sense in which the word 'citizen' is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such a case it is regarded as a suit brought by or against the stockholders of the corporation; and, for the purposes of jurisdiction, it is conclusively presumed that all the stockholders are citizens of the state which by its laws created the corporation. It is therefore necessary that it be made to appear that the artificial being was brought into existence by the law of some state other than that of which the adverse party is a citizen."

These decisions conclusively show that the averment that a named corporation is a citizen of a given state is not the equivalent of the averment that the corporation was created and exists under the laws of the named state. It is not the averment of a fact, but of a conclusion of law, which, as is said by the supreme court in Drawbridge Co. v. Shepherd, 20 How. 227, 233, 15 L. Ed. 896, is an averment that is simply impossible, and which the court is bound to know cannot be true.

Certainly, therefore, the court cannot assume that the defendant insurance company was created a corporation under the laws of the state of Wisconsin, because it is averred that the corporation is a citizen of that state,—a status or condition which cannot be rightfully predicated of a corporation.

It is further contended that as the petition filed by complainant in the state court names the defendant as the Milwaukee Mechanics' Insurance Company of Milwaukee, Wis., it should be inferred therefrom that it is a corporation created under the laws of that state. As already shown, the supreme court holds that the facts upon which jurisdiction rests must be affirmatively pleaded, and not be left to mere inference. Thus, in Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. 207, 27 L. Ed. 932, there are cited approvingly the statement made in Robertson v. Cease, 97 U. S. 646, 24 L. Ed. 1057, that, "where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively and with equal distinctness in other parts of the record," and the ruling in Brown v. Keene, 8 Pet. 112, 8 L. Ed. 885, that it is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings that the averments should be positive. In the cited case of Grace v. Insurance Co. reliance was placed, in support of the jurisdiction, upon the fact that it was stated in the petition for removal, after reciting the residence of the parties, that there is and was at the time this action was brought a controversy therein between citizens of different states, but the court held that the averment "is to be deemed the unauthorized conclusion of law which the petitioner draws from the facts previously stated." It was also held in this case that the averment that the plaintiffs "are of the county of Kings and state of New York" was insufficient to show citizenship.

In support of the contention that the jurisdictional facts are sufficiently shown on the face of the record in this case, counsel for the defendant company cite the cases of Johnson v. Manufacturing. Co. (C. C.) 76 Fed. 618; Stadlemann v. Towing Co. (C. C.) 92 Fed. 209; and Lumber Co. v. Comstock, 71 Fed. 477, 18 C. C. A. 207. The last case, as I read the report thereof, was not a removal case, but was brought originally in the United States circuit court, it being averred in the petition that "Daniel F. Comstock, who is a citizen of the state of Michigan, complains of the Chicago Lumber Company, who is a citizen of the state of Illinois," etc. The objection to the jurisdiction was not made until after the case had reached the appellate court, and the court of appeals held that when raised it was technical and without merit. The case did not present the question whether the averments therein found would have been sufficient to have terminated the jurisdiction of a state court had the action been brought therein. In the other cases cited by counsel the objection taken was to the lack of the proper citizenship of the plaintiffs, Foster in the one case and Stadlemann in the other. In both cases it was held that the averments made were insufficient to sustain the jurisdiction, but that sufficient jurisdictional facts were averred to justify the allowance of the amendments asked. These cases, therefore, do not tend to support the first contention of defendant's counsel that the averments appearing on the record in this case are sufficient to show that the case was a removable one, and that the jurisdiction of the state court was terminated, and that of this court attached, when the petition for removal was filed in the state court.

The question whether the averment that a corporation is a citizen of a named state can be relied on as a sufficient allegation of the jurisdictional facts is fully considered in the cases of Lonergan v. Railroad Co. (C. C.) 55 Fed. 550; Frisbie v. Railway Co. (C. C.) 57 Fed. 1; and De Loy v. Insurance Co. (C. C.) 59 Fed. 319; and in these cases, following the decisions of the supreme court already cited, it was held that the averment of citizenship in case of a corporation was insufficient, and did not confer jurisdiction upon the federal court in removal cases.

But it is further strongly urged on behalf of the defendant company that, if it be true that the necessary jurisdictional facts are imperfectly stated on the face of the record, then leave should be granted by this court to file an amendment curing the imperfections in question. Counsel for defendant adroitly make use of the phrase "imperfectly stated" in speaking of the averments of the record, whereas in fact the real question is whether an amendment can be allowed in this court when the averments are insufficient to show that the case is a removable one under the statutory provisions. It is claimed by counsel that the petition for removal is in effect a pleading, and that defects therein are curable by amendment. Granted; but in which court should the leave to amend be sought, and, if allowed, in which court should the amendment be filed? In this case the right of removal is sought upon the ground of the diversity of citizenship between the adversary parties. If the record on its face showed the requisite diversity of citizenship when the petition for removal was filed in the state court, so that the

jurisdiction of this court attached to the case, wherein lies the necessity of filing an amendment to show more perfectly the fact that the jurisdiction has attached?

If the case has been rightfully brought within the jurisdiction of this court, so that it can rightfully exercise its discretion over the matter of allowing amendments to the pleadings, then it must be true that, as the record was made in the state court, sufficient was shown on the face thereof to terminate the jurisdiction in that court, and to cause the jurisdiction of this court to attach to the suit. If sufficient appeared on the face of the record, as it was made to appear in the state court, to transfer the jurisdiction to this court, what necessity exists for filing an amendment? The only purpose of the amendment is to show that this court has rightfully obtained jurisdiction; but, if that fact already appears on the face of the record, why should the court grant leave to file an amendment to show that which already appears? If, however, the purpose of the amendment is to cause the face of the record to show what it does not now show, to wit, a requisite diversity of citizenship between the adversary parties, then is it not clear that leave to file the proposed amendment must be sought from the state court and not from this court? It is well settled by the decisions of the supreme court that the state court does not part with its jurisdiction, nor does the jurisdiction of this court attach, in cases of this character, until the record in the state court is such as to show that court that it has lost its jurisdiction, and can no longer proceed with the case.

Thus, in Stone v. South Carolina, 117 U. S. 430, 6 Sup. Ct. 799, 29 L. Ed. 962, it is said:

"A state court is not bound to surrender its jurisdiction of a suit on removal until a case has been made which on its face shows that the petitioner has a right to the transfer. As was said in Insurance Co. v. Pechner, 95 U. S. 183, 185, 24 L. Ed. 427: 'His petition when filed becomes a part of the record in the cause. It should state facts which, when taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot proceed further with the suit. Having once acquired jurisdiction, the court may proceed until it has been judicially informed that its power over the cause has been suspended.' The mere filing of a petition for the removal of a suit which is not removable does not work a transfer. To accomplish this the suit must be one that may be removable, and the petition must show a right in the petitioner to demand the removal. This being made to appear on the record, and the necessary security having been given, the power of the state court in the case ends and that of the circuit court begins."

It certainly cannot be the fact that in cases wherein a removal is sought on the ground of diverse citizenship the jurisdiction of the state court can be terminated by petitions for removal or by amendments thereto filed in the federal court. In such cases the jurisdiction of the state court can only be ended by making a proper showing of the facts justifying the removal on the face of the record in that court. Thus, in Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144, it is said:

"It thus appears that a case is not, in law, removed from the state court upon the ground that it involves a controversy between citizens of different states unless, at the time the application for removal is made, the record,

upon its face, shows it to be one that is removable. * * * If the case be not removed, the jurisdiction of the state court remains unaffected, and, under the act of congress, the jurisdiction of the federal court could not attach until it becomes the duty of the state court to proceed no further. No such duty arises unless a case is made by the record that entitles the party to a removal. * * * If a suit entered upon the docket of a circuit court as removed upon the ground of diverse citizenship of the parties was never, in law, removed from the state court, no amendment of the record in the former could affect the jurisdiction of the latter or put the case rightfully on the docket of the circuit court as of the date when it was there docketed; for the only mode provided in the act of congress by which the jurisdiction of the state court of a controversy between citizens of different states can be divested is by presenting a petition and bond in that court, showing, in connection with the record, a case that is removable. The present motion, in effect, is that such amendment of the record may be made in the circuit court as will show that this case might have been removed from the state court, not that in law it has ever been so removed."

If in order to show upon the face of the record that the case now before the court is in fact a removable one, it is necessary that the proposed amendment should be filed, then it must be true that the record, as it now exists in the state court, and as it was when the petition for removal was filed in that court, does not and did not show the existence of the facts necessary to be shown of record in order to terminate the jurisdiction of the state court and to cause the jurisdiction of this court to attach to the case, and, therefore, under the ruling of the supreme court in the case last cited, the existing jurisdiction of the state court cannot be affected by any pleadings, original or amendatory, filed in this court.

But it is contended by counsel for defendant that the rulings of the supreme court in the cases of Ayers v. Watson, 113 U. S. 598, 5 Sup. Ct. 641, 28 L. Ed. 1093; Carson v. Dunham, 121 U. S. 427, 7 Sup. Ct. 1030, 30 L. Ed. 992; Martin v. Railroad Co., 151 U. S. 690, 14 Sup. Ct. 533, 38 L. Ed. 311; and Powers v. Railway Co., 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673,—justify the conclusion that that court has receded from the rule announced in the earlier cases, and that it is now permissible to amend the record in the federal court in cases of this character.

The case of Ayers v. Watson did not present the question of the right to amend in the federal court, the point decided being that the mere question of the time of filing an application for removal under the act of 1875 was not jurisdictional, but modal and formal, and therefore that it was not open to the party who had petitioned for the removal to afterwards assert that his application had not been made in due time.

The case of Carson v. Dunham also arose under the act of 1875, and two grounds for removal were set forth in the record in the state court, the one being diversity of citizenship, which was properly averred, and the other that the controversy arose under the laws of the United States. The supreme court held that, as the petition for removal showed on its face that the controversy was between citizens of different states, the case was properly removed into the federal court. In that court issue was taken upon the averment regarding the citizenship of Dunham, and it was shown that he was a citizen of the same

state with Mrs. Carson, and therefore the averment in the petition for removal was false, and the jurisdiction could not be maintained on the ground of diversity of citizenship between the adversary parties. On the point whether the case was one arising under the constitution or laws of the United States, the supreme court held that the answer filed in the federal court might be considered, in connection with the other showing of record, as an amendment to the petition for removal, it being said:

"As an amendment the answer was germane to the petition, and did no more than set forth in proper form what had before been imperfectly stated. To that extent, we think, it was proper to amend a petition which, on its face, showed a right to the transfer. Whether this could have been done if the petition, as presented to the state court, had not shown on its face sufficient ground of removal, we do not now decide."

In this case the court held that, as the petition for removal showed on its face the requisite diversity of citizenship to authorize a removal of the suit into the federal court, an amendment might be made in that court because the case was then really pending therein, but the court expressly stated that it did not decide whether this could be done in cases wherein the record in the state court did not show the facts authorizing the removal.

In the next case cited, to wit, Martin v. Railroad Co., the question of the right of amendment in the federal court was not involved nor decided, the jurisdictional questions considered in that case being the status of the railway company; that is, whether it had become a corporation of West Virginia, and whether the petition for removal had been filed within the time limited by the statute.

The last case cited is that of Powers v. Railway Co., 169 U. S. 92; 18 Sup. Ct. 264, 42 L. Ed. 673, in which the point decided was that a petition for removal, filed as soon as the plaintiff, by dismissing his action against all the original defendants who were citizens of the same state with himself, left the case pending between a citizen of the one state and a corporation created under the laws of another state, was filed in due time. In the course of the opinion the following statement of the law is made:

"A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with the other matters on that record, the jurisdictional facts upon which the right of removal depends, because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction, and if it does the circuit court of the United States cannot allow an amendment of the petition, but must remand the case. Crehore v. Railway Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249. But, if upon the face of the petition and of the whole record of the state court sufficient grounds for removal are shown, the petition may be amended in the circuit court of the United States by leave of that court, by stating more fully and distinctly the facts which support those grounds. Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992; Martin v. Railroad Co., 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311."

Thus it appears that none of the cases cited by counsel for defendant sustain the contention that an amendment may be made in the circuit court of the United States to sustain its jurisdiction in a removal case,

where the record, as it exists in the state court, fails to show the facts necessary to terminate the jurisdiction of that court. On the contrary, the supreme court has uniformly held that, unless the record in the state court showed on its face that its jurisdiction and right to proceed were at an end, the right of amendment did not exist in the federal court, in cases wherein the right of removal was claimed on the ground of diverse citizenship between the adversary parties.

Thus, in Jackson v. Allen, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. Ed. 249, it is stated that:

"It appears from the record that the citizenship of the parties at the commencement of the actions as well as at the time the petitions for removal were filed was not sufficiently shown, and that, therefore, the jurisdiction of the state court was never divested. This being so, the defect cannot be cured by amendment."

When, however, upon the face of the record in the state court, it is made to appear, in support of the application for a transfer to the federal court, that the case is a removable one, then the right of that court to proceed further in the case is at an end, and the jurisdiction of the federal court attaches.

The jurisdiction being thus transferred into the federal court, issue may be therein taken upon the facts averred in the petition for removal. Thus, issue may be taken on the averment that the plaintiff or defendant is a citizen of a named state, or upon an averment that a named defendant is a nominal party, or was made a party wrongfully with intent to defeat the otherwise existing right of removal. In such cases an amendment may be allowed in the federal court to set forth more fully and perfectly the facts relied on to sustain the averments of the petition for removal. The right to allow the amendment to be filed exists because, on the face of the record, the jurisdiction is in the federal court, which will remain in full force unless facts are proven which overthrow or defeat it; but, if on the face of the record the jurisdiction of the state court remains unaffected, the federal court is not invested with the control of the case or of the record, and cannot, therefore, allow an amendment of the pleadings therein. In this case, therefore, this court has no power to grant the leave asked to file an amendment to the petition for removal, unless upon the face of the record, as the same exists in the state court, it appears that the case is a removable one, and that by the filing of the petition for removal the right of that court to proceed with the case was ended. The right of removal was claimed to exist on the ground of the diversity of citizenship between the adversary parties, and as the defendant is a corporation it could not be averred of it, in its corporate capacity, that it was a citizen of a state; and, therefore, to establish the requisite diversity of citizenship, it was incumbent on the defendant to aver that it was a corporation created under the laws of a named state, in order that the court might be authorized to draw from this averment of fact the legal conclusion that the stockholders composing the corporation were all citizens of the state creating the corporate body. There is not to be found in the petition for removal, nor in any other portion of the record, an averment that the defendant corporation was created under the laws of the state of Wisconsin or of any other state, and

therefore the court cannot assume that the stockholders therein, who are the only parties of whom citizenship can be predicated, are in fact citizens of the state of Wisconsin, or that they may not be citizens of the same state with the plaintiff. The record, therefore, fails to show the facts necessary, under the statutory provisions, to sustain the right of removal,—a defect which cannot be cured by an amendment in this court,—and the motion to remand must therefore be granted.

The court has been led into this lengthy consideration of the questions presented and of the authorities cited, not because any doubt was entertained of the views presented by this court in Lonergan v. Railroad Co. (C. C.) 55 Fed. 550, but for the reason that counsel in their argument were so earnest in their contention that if the court should again carefully consider the authorities cited by them it would appear that the conclusion reached in that case was not well founded; but the reconsideration given to the question has failed to show any reason why the court should change its view as expressed in the case named. The orders to be entered, therefore, are that the application for leave to amend the petition for removal is denied, and the motion to remand the case to the state court is granted.